[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 194.]

THE STATE OF OHIO, APPELLANT, *v.* CHILDS, APPELLEE.

[Cite as *State v. Childs*, 2000-Ohio-298.]

*Criminal law—Indictment for conspiracy to commit aggravated trafficking pursuant to R.C. 2923.01 must allege some specific, substantial, overt act performed in furtherance of the conspiracy.*

An indictment for conspiracy to commit aggravated trafficking pursuant to R.C. 2923.01 must allege some specific, substantial, overt act performed in furtherance of the conspiracy.

(Nos. 98-2227 and 98-2462—Submitted October 13, 1999 at the Pickaway County Session—Decided March 15, 2000.)

APPEAL from and CERTIFIED by the Court of Appeals for Montgomery County, No. 16325.

————————————

{¶ 1} The state of Ohio appeals from the judgment of the Court of Appeals for Montgomery County reversing appellee's conviction for conspiracy to commit aggravated trafficking in violation of R.C. 2923.01(A)(2).

{¶ 2} Appellee, Charles F. Childs, was a police officer for the city of Dayton assigned to the bike patrol. While married, Childs also had a personal relationship with a woman named Michele Aikens.

{¶ 3} In February 1995, Childs and Aikens leased an apartment located on East Fairview, in the city of Dayton. Later that month, with the consent of Aikens, Sergeant Bruce L. May and Lieutenant Chabali, both of the Dayton Police Department, conducted a search of the East Fairview apartment. Upon entering the attic of the apartment, Sergeant May uncovered several capsules of heroin and an amount of counterfeit crack cocaine, commonly known as "fleece."

**{¶ 4}** After taking the illegal drugs to the crime lab for testing, Sergeant May replaced the packages he had taken from the apartment with identical packages containing no drugs. In addition, Sergeant May, with court authorization, had surveillance cameras installed in a bedroom and a stairway leading to the attic of the apartment.

**{¶ 5}** After the installation of surveillance equipment and the placement of the decoy package, Sergeant May requested that Aikens place a telephone call to Childs to advise him that he could go to the apartment to retrieve his belongings. Childs responded as Aikens had requested, and while inside the apartment was videotaped entering the attic to retrieve the decoy package left by Sergeant May.

**{¶ 6}** After viewing the videotape of Childs's retrieving the decoy package, May obtained a warrant for Childs's arrest. On February 21, 1995, Childs was indicted in case No. 95-CR-492 for aggravated trafficking in violation of (former) R.C. 2925.03(A)(4) (count one), drug abuse in violation of R.C. 2925.11(A) (count two), and possession of a counterfeit controlled substance in violation of R.C. 2925.37(A) (count three).

**{¶ 7}** On June 21, 1995, Childs was indicted in case No. 95-CR-1874 on additional charges, including one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1) (count one), one count of conspiracy to engage in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1) and 2923.01(A)(2) (count two), six counts of aggravated robbery in violation of R.C. 2911.01(A)(1) (counts three through eight), one count of aggravated burglary in violation of R.C. 2911.11(A)(2) (count nine), four counts of theft of drugs in violation of R.C. 2913.02(A)(1) (counts ten through thirteen), and one count of conspiracy to commit aggravated trafficking in violation of (former) R.C. 2925.03(A)(2) and 2923.01(A)(2) (count fourteen). Childs entered pleas of not guilty to all of the charges in both of the aforementioned cases.

**{¶ 8}** Childs requested, and was given, a bill of particulars setting forth specifically the nature of the offenses charged against him and of the conduct constituting the offenses. The court joined both cases against Childs, and the case was tried to a jury.

**{¶ 9}** With respect to the charges contained in case No. 95-CR-1874, counts one, two, six, seven, eight, twelve, and thirteen of the indictment were dismissed at the close of evidence. The jury returned a verdict of guilty on count fourteen, conspiracy to commit aggravated trafficking in violation of (former) R.C. 2925.03(A)(2). Childs was acquitted of all the remaining charges in this case.

**{¶ 10}** In case No. 95-CR-492, the jury acquitted Childs on the charge of drug abuse contained in count two of the indictment. However, the jury could not reach a verdict on the remaining charges of aggravated trafficking and knowingly possessing a counterfeit controlled substance. The trial court declared a mistrial on these two remaining charges. Prior to his retrial on those charges, Childs entered a plea of no contest. The trial court found Childs guilty of the two charges. The court then sentenced him for conspiracy to commit aggravated trafficking, aggravated trafficking, and knowingly possessing a counterfeit controlled substance, the charges of which he was convicted in case Nos. 95-CR-492 and 95-CR-1874.

**{¶ 11}** The court of appeals reversed Childs's conviction for conspiracy to commit aggravated trafficking in case No. 95-CR-1874 and affirmed Childs's convictions in case No. 95-CR-492.

**{¶ 12}** In reversing Childs's conviction for conspiracy to commit aggravated trafficking, the court of appeals held that count fourteen of the indictment, charging Childs with that offense, was fatally defective because it did not properly specify at least one substantial overt act undertaken in furtherance of the conspiracy, as required under R.C. 2923.01(B).

**{¶ 13}** The court of appeals found that its judgment in this case was in conflict with judgments entered by courts of appeals for Summit County in *State v.*

*Dapice* (1989), 57 Ohio App.3d 99, 566 N.E.2d 1261, and for Stark County in *State v. Blackshear* (May 22, 1989), Stark App. No. CA7658, unreported, 1989 WL 63270, and entered an order certifying a conflict.

{¶ 14} Case No. 98-2227 is before this court upon the allowance of a discretionary appeal. Case No. 98-2462 is before this court upon our determination that a conflict exists.

———————————

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, and *R. Lynn Nothstine*, Assistant Prosecuting Attorney, for appellant.

*Gary W. Crim*, for appellee.

———————————

**MOYER, C.J.**

{¶ 15} The issue presented in this appeal is whether an indictment for conspiracy pursuant to R.C. 2923.01, which fails to allege at least one specific, substantial, overt act in furtherance of the conspiracy, is fatally defective for such failure. For the reasons stated in this opinion, we answer that question in the affirmative.

{¶ 16} Childs was convicted of conspiracy to commit aggravated trafficking in violation of R.C. 2923.01(A)(2) and (former) 2925.03(A)(2). R.C. 2923.01(B) describes the crime of conspiracy. This section of the Revised Code provides:

"*No person shall be convicted of conspiracy unless a substantial overt act in furtherance of the conspiracy is alleged and proved* to have been done by the accused or a person with whom the accused conspired, subsequent to the accused's entrance into the conspiracy. For purposes of this section, an overt act is substantial when it is of a character that manifests a purpose on the part of the actor that the object of the conspiracy should be completed." (Emphasis added.)

{¶ 17} Count fourteen of the indictment, charging Childs with conspiracy to commit aggravated trafficking, alleges that Childs and various other conspirators:

"[B]etween the dates of December 2, 1993 and February 13, 1995, in the County of Montgomery, aforesaid, and State of Ohio, with purpose to commit, or to promote or facilitate the commission of Aggravated Trafficking, a violation of Section 2925.03(A)(2) of the Revised Code, did agree with another person or persons that one (1) or more of them would engage in conduct that facilitated the commission of any such offense, and that subsequent to each defendant's entrance into said conspiracy, a substantial overt act was done by each defendant or a person with whom they conspired; contrary to the form of the statute (in violation of Section 2923.01(A)(2) of the Ohio Revised Code)."

{¶ 18} This indictment does include language asserting that Childs or one of his co-conspirators performed a substantial, overt act after his or her entrance into the conspiracy. However, while the indictment does allege that "a substantial overt act was done by each defendant or a person with whom they conspired," it does not specifically detail any overt act done in furtherance of the conspiracy. Instead, the phrase "a substantial overt act was done" merely recites the generic words of the statute. The words of the indictment are little more than a recitation of the words of R.C. 2923.01(B), which defines the crime of conspiracy.

{¶ 19} In addition to the indictment, Childs was furnished with a bill of particulars. This bill of particulars does, in fact, set forth the nature of the charges against Childs and the specific conduct constituting the crimes with which he was charged. The state asserts that the indictment, when read in conjunction with the bill of particulars, is sufficient to enable Childs to prepare a defense and that it is sufficient to support Childs's conviction for conspiracy to commit aggravated trafficking. We agree with the court of appeals that it is not.

{¶ 20} Section 10, Article I of the Ohio Constitution provides:

"[N]o person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury."

{¶ 21} A criminal indictment serves several purposes. First, by identifying and defining the offenses of which the individual is accused, the indictment serves to protect the individual from future prosecutions for the same offense. *State v. Sellards* (1985), 17 Ohio St.3d 169, 170, 17 OBR 410, 411, 478 N.E.2d 781, 783-784. In addition, the indictment compels the government to aver all material facts constituting the essential elements of an offense, thus affording the accused adequate notice and an opportunity to defend. *Id.* at 170, 17 OBR at 411, 478 N.E.2d at 783.

{¶ 22} The state contends that, despite the fact that the indictment in this case failed to specify a substantial, overt act done in furtherance of the crime, Childs was afforded the notice necessary to allow him to prepare an adequate defense because the bill of particulars set forth specifically the nature of the charges against him and the conduct constituting those offenses. However, the bill of particulars is not signed by the grand jury foreman, and there is no evidence that the material contained in the bill of particulars was ever presented to the grand jury.

{¶ 23} " 'The material and essential facts constituting an offense are found by the presentment of the grand jury; and if one of the vital and material elements identifying and characterizing the crime has been omitted from the indictment such defective indictment is insufficient to charge an offense, and cannot be cured by the court, as such a procedure would not only violate the constitutional rights of the accused, but would allow the court to convict him on an indictment essentially different from that found by the grand jury.' " *State v. Wozniak* (1961), 172 Ohio St. 517, 521, 18 O.O.2d 58, 60, 178 N.E.2d 800, 803, quoting *Harris v. State* (1932), 125 Ohio St. 257, 264, 181 N.E. 104, 106.

{¶ 24} Generally, the requirements of an indictment may be met by reciting the language of the criminal statute. See *State v. Murphy* (1992), 65 Ohio St.3d

554, 583, 605 N.E.2d 884, 907. In *Murphy*, this court rejected the appellant's proposition that the indictment was defective because it failed to identify the precise type of conduct by which he violated R.C. 2911.01 (aggravated robbery), and 2911.11 (aggravated burglary). Citing *State v. Landrum* (1990), 53 Ohio St.3d 107, 119, 559 N.E.2d 710, 724, we held that an indictment using the words of the applicable statute was sufficient to charge a defendant with these crimes. However, in this case, the plain words of the statute defining the crime of conspiracy can produce only one conclusion: an indictment for conspiracy requires more than a mere recitation of the exact wording of the statute defining the offense of conspiracy.

{¶ 25} R.C. 2923.01(B) provides that no person shall be convicted of the crime of conspiracy unless a substantial overt act is "alleged and proved." Clearly, this section of the Revised Code requires that the substantial, overt act not only be proved, but also alleged in the indictment. If the statute did not require that the substantial, overt act be both alleged and proved by the state, it would not contain the word "alleged." It is that statutory direction that distinguishes the issue in this case from the issue cited by the state in support of its appeal.

{¶ 26} Had the General Assembly intended that the state be required to prove only that the substantial, overt act occurred, it could have worded R.C. 2923.01 in such a manner as to convey that intention. Unlike the offense of aggravated robbery, for instance, which requires the state to prove only that the offender committed the act constituting the crime, the offense of conspiracy, as defined in R.C. 2923.01, requires the substantial, overt act to be *alleged and proved*.

{¶ 27} Therefore, while the state may satisfy its burden by reciting the exact words of a criminal statute in an indictment for some offenses, an indictment for conspiracy to commit aggravated trafficking pursuant to R.C. 2923.01 must allege some specific, substantial, overt act performed in furtherance of the conspiracy. The state's failure to allege a specific, substantial, overt act committed in

furtherance of the conspiracy in count fourteen of the indictment against Childs renders the indictment invalid.

{¶ 28} For all of these reasons, we hold that the indictment for conspiracy to commit aggravated trafficking pursuant to R.C. 2923.01 was fatally defective in this case. Therefore, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents.

_____

**COOK, J., dissenting.**

{¶ 29} Although I agree with the majority that the indictment is defective because it fails to allege a specifically described overt act, I disagree with today's opinion in two respects.

{¶ 30} First, I consider appellee's failure to object to the indictment before trial a waiver pursuant to Crim.R. 12(B)(2). Under that rule, "[d]efenses and objections based on defects in the indictment * * * (other than failure to show jurisdiction in the court *or to charge an offense*)" (emphasis added) must be raised prior to trial. Thus, in only two instances may the defendant wait to object to the indictment's sufficiency until after trial. Citing this rule, the court below concluded—and the majority apparently agrees—that the indictment failed to charge an offense and could be challenged by appellee at any time.

{¶ 31} As courts in most jurisdictions have held, however, an indictment "fails to charge an offense" where it omits an essential element of the crime. See, *e.g.*, *State v. Frazier* (1995), 73 Ohio St.3d 323, 332, 652 N.E.2d 1000, 1009; *United States v. Miller* (C.A.6, 1998), 161 F.3d 977, 982, citing *Govt. of the Virgin Islands v. Greenidge* (C.A.3, 1979), 600 F.2d 437, 439; *State v. Perkinson* (Tenn.Crim.App.1992), 867 S.W.2d 1. Here, the indictment unquestionably

included each *element* of conspiracy. It was defective only because it omitted *factual* information necessary to apprise the defendant of the specific nature of one of those elements. Such a defect is distinct from a failure to charge an offense, and, therefore, an objection was required prior to trial.

**{¶ 32}** Having failed to timely object, appellee waived all but plain error. Accordingly, reversal is warranted only if the outcome of the trial clearly would have been different absent the error. *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph two of the syllabus. Given that appellee neither claimed nor demonstrated any prejudice from the ambiguity, and at no time stated that he was unaware of the applicable facts, it would be unreasonable to conclude that additional information in the indictment would have resulted in his acquittal.

**{¶ 33}** I also disagree with the majority's use of the language of R.C. 2923.01(B) to justify its conclusion that the indictment was defective. The outcome of this and other indictment-sufficiency cases should rest principally upon the constitutional concerns underlying the purpose of indictment by grand jury. While the majority initially considers these issues, it ultimately shifts its attention to the statutory language and rests its conclusion that the indictment is defective upon R.C. 2923.01(B)'s requirement that a substantial overt act be "alleged" in the indictment.

**{¶ 34}** The majority's interpretation of that language, however, adds undue meaning to the statute's requirement that the overt act be "alleged." A plain reading of R.C. 2923.01(B) reveals that it neither defines nor even addresses the specificity with which the overt act must be alleged. Accordingly, I would conclude that the defectiveness of the indictment proceeds from constitutionally based protections, not from the statutory language of R.C. 2923.01(B).

**{¶ 35}** For the foregoing reasons, I would reverse the judgment of the appellate court and would uphold appellee's conspiracy conviction.