OPINION
Appellant, Phillip F. George, Jr., appeals from his conviction in the Trumbull County Court of Common Pleas for conspiracy to engage in corrupt illegal activity.
Appellant provided the Benevolent and Protective Order of the Elks Lodge No. 295 ("the Lodge") with two video gambling machines in November 1995. Appellant showed the Lodge members how to operate the machines, repaired the machines and split the profits from the machines evenly with the Lodge. Appellant also provided the Lodge with three additional machines in the winter of 1996.
In April 1998, numerous gambling related items were seized from the Lodge, including appellant's video gambling machines, tip tickets, punchboards and various accounting records showing gambling payoffs. On November 6, 1998, appellant was served with a three count indictment. He was charged with corrupt illegal activity in violation of R.C.2923.32(A)(1) and/or (3); conspiracy to engage in corrupt activity in violation of R.C. 2923.01(A)(1) and/or (2); and, possession of criminal tools in violation of R.C. 2923.24.
Appellant filed a motion to dismiss the indictment on January 1, 1999. The trial court overruled the motion on February 24, 1999. Nevertheless, appellee, the State of Ohio, returned to the grand jury for a superseding indictment, which was issued on May 13, 1999.[1]
Appellant then moved to dismiss the superseding indictment, but the trial court denied that motion as well on July 12, 1999.
The case proceeded to trial on August 23, 1999. On August 27, 1999, the jury returned a verdict of not guilty on counts one and three of the superseding indictment, but convicted appellant of count two, conspiracy to engage in corrupt illegal activity, a violation of R.C. 2923.01(A)(1) and/or (2).
Appellant has filed a timely notice of appeal and makes the following assignments of error:
 "[1.] The trial court deprived appellant of his constitutional right not to be required to answer in a felony case except upon grand jury indictment by denying appellant's motion to dismiss the superseding indictment.
 "[2.] The trial court erred in denying appellant's motion for acquittal: the evidence was insufficient as a matter of law to sustain appellant's conviction for conspiracy to engage in a pattern of corrupt activity."
We will address the second assignment first since the sufficiency of the indictment is moot if appellant's second assignment of error is well taken. In his second assignment of error, appellant argues that there was insufficient evidence as a matter of law to sustain appellant's conviction for conspiracy to engage in a pattern of corrupt activity. We agree.
In determining whether the evidence presented at trial was sufficient to support a criminal conviction, "the relevant inquiry is whether any rational factfinder, viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Moore (1998), 81 Ohio St.3d 22,40, citing Jackson v. Virginia (1979), 443 U.S. 307, 319; State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
Appellant was convicted of violating R.C. 2923.01(A)(1) and/or (2). The statute provides in part that:
 "(A) No person, with the purpose to commit or to promote or facilitate the commission of * * * engaging in a pattern of corrupt activity * * * shall do either of the following:
 "(1) With another person or persons, plan or aid in planning the commission of any of the specified offenses;
 "(2) Agree with another person or persons that one or more of them will engage in conduct that facilitates the commission of any of the specified offenses."
The trial judge instructed the jury that appellant allegedly conspired to commit the following crimes: gambling, R.C. 2915.02(A)(2); operating a gambling house, R.C. 2915.03(A); and money laundering, 1315.55(A)(1), (2) or (3).
Pursuant to R.C. 2923.31(E), for appellant to have engaged in a pattern of corrupt activity, "at least one of the incidents forming the pattern shall constitute a felony under the laws of the state in existence at the time it was committed * * *." Gambling is a misdemeanor of the first degree, unless the offender has been previously convicted of a gambling offense. R.C. 2915.02(F). The same is true of operating a gambling house. R.C. 2915.03(B). Since the prosecution did not prove that appellant or any of his alleged co-conspirators had previously been convicted of a gambling offense, convictions for the corrupt activities of gambling and operating a gambling house would not be sufficient to comprise a pattern of corrupt activity, unless appellant and his co-conspirators were also convicted of an offense constituting a felony. The only offense appellant allegedly conspired to commit that would constitute a felony was money laundering.
Upon review of appellee's brief and the transcript of the trial proceedings, this court finds that appellee failed to present any evidence that appellant engaged in money laundering pursuant to R.C. 1315.55(A)(1), (2) or (3). The relevant code sections read as follows:
 "(A)(1) No person shall conduct or attempt to conduct a transaction knowing that the property involved in the transaction is the proceeds of some form of unlawful activity with the purpose of committing or furthering the commission of corrupt activity.
 "(2) No person shall conduct or attempt to conduct a transaction knowing that the property involved in the transaction is the proceeds of some form of unlawful activity with the intent to conceal or disguise the nature, location, source, ownership, or control of the property or the intent to avoid a transaction reporting requirement under Section 1315.53 of the Revised Code or federal law.
 "(3) No person shall conduct or attempt to conduct a transaction with the purpose to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on of corrupt activity."
The witnesses called by appellee at the trial testified appellant received fifty percent of the profits from the video gambling machines that he provided to the Lodge. They further testified that the determination of the profits was made by members of the Lodge, who removed the cash from the machines and counted it. Appellant simply received an envelope containing his share of the profits. Beyond that, appellant had no involvement with the Lodge's use of the gambling proceeds or the Lodge's finances in general. Appellee proposes that the simple receipt of profits from an illegal activity is sufficient to constitute money laundering. We disagree.
Appellee argues that James Futey, a Lodge member and alleged co-conspirator of appellant, was convicted of money laundering based on the manner in which the Lodge handled the proceeds from the video gambling machine provided by appellant. Therefore, one of the incidents forming the pattern of corrupt activity was a felony. However, appellee failed to present evidence that appellant planned or aided in planning the money laundering activities of the Lodge, or that appellant agreed with any of the Lodge members to engage in conduct facilitating their money laundering activities. Since appellant was not a participant in the Lodge's money laundering activities, he cannot be convicted of conspiracy to engage in a pattern of corrupt activity based on a money laundering conviction of one of the Lodge members.
Viewing the evidence presented at trial in the light most favorable to appellee, we find that a rational factfinder could not have found the essential elements of the crime of conspiracy to engage in a pattern of corrupt activity proven beyond a reasonable doubt.
For the foregoing reasons, appellant's second assignment of error is well taken.
Although appellant's first assignment of error is moot, we agree with appellant that the superseding indictment should have been dismissed because it failed to identify the corrupt activities that he allegedly conspired to commit
In State v. Childs (2000), 88 Ohio St.3d 194, the Supreme Court of Ohio addressed the issue of whether an indictment for conspiracy pursuant to R.C. 2923.01 must allege a substantial overt act committed by the accused or one of his co-conspirators in furtherance of the conspiracy. Childs was convicted of conspiracy to commit aggravated trafficking in violation of R.C. 2923.01(A)(2) and former R.C. 2925.03(A)(2). Count fourteen of the indictment read as follows:
 "`Between the dates of December 2, 1993 and February 13, 1995, in the County of Montgomery, aforesaid, and State of Ohio, with purpose to commit, or to promote or facilitate the commission of Aggravated Trafficking, a violation of Section 2925.03(A)(2) of the Revised Code, did agree with another person or persons that one (1) or more of them would engage in conduct that facilitated the commission of any such offense, and that subsequent to each defendant's entrance into said conspiracy, a substantial overt act was done by each defendant or a person with whom they conspired; contrary to the form of the statute (in violation of Section 2923.01(A)(2) of the Ohio Revised Code).'" (Emphasis sic.) Childs at 197.
The Supreme Court noted that the indictment did not specifically identify an overt act performed by Childs or one of his co-conspirators.Id. at 198. The state argued that when the indictment was read in conjunction with the bill of particulars subsequently furnished to Childs, it was sufficient to support Childs's conviction. Id. The Supreme Court rejected that argument on the grounds that the bill of particulars was not signed by the grand jury foreman, and there was no evidence that the material contained in the bill of particulars was ever presented to the grand jury. Id.
The Supreme Court held that "while the state may satisfy its burden by reciting the exact words of a criminal statute in an indictment for some offenses, an indictment for conspiracy to commit aggravated trafficking pursuant to R.C. 2923.01 must allege some specific, substantial, overt act performed in furtherance of the conspiracy." Id. at 199. In arriving at this holding, the court pointed to the fact that R.C. 2923.01(B) requires that a "substantial overt act committed in furtherance of the conspiracy" be alleged and proven before a conviction can issue. Id. at 199.
In the instant case, count two of the superseding indictment read as follows:
 "THE JURORS OF THE GRAND JURY of the State of Ohio, within and for the body of the County aforesaid, on their oaths, in the name and by the authority of the State of Ohio, do find and present that on or about
November 1996 through and including April of 1998, at Trumbull County, Ohio, PHIL F. GEORGE, JR., with purpose to commit, promote, and/or facilitate the commission of engaging in a pattern of corrupt activity, with Samuel Lefter, James J. Futey, David Griffing, William Kush, and/or George Teringo and/or other unindicted or unknown co-conspirators, plan or aid in planning the commission of such offense, or agree with Samuel Lefter, James J. Futey, David Griffing, William Kush and/or George Teringo, and/or other unindicted or unknown co-conspirators, that one or more of them would engage in conduct which facilitates the commission of engaging in a pattern of corrupt activity, a substantial overt act in furtherance of the said conspiracy having been done by PHIL F. GEORGE, JR., or a person with whom he conspired, subsequent to the said PHIL F. GEORGE, JR.'s, entrance into the conspiracy. (Emphasis sic.)
As was the case in Childs, the indictment simply recites the statutory language without specifically identifying an overt act committed in furtherance of the conspiracy. Similarly, the subsequent bill of particulars furnished by appellee to appellant does not bear the signature of the grand jury foreman, nor is there any evidence that the material contained in the bill of particulars was presented to the grand jury that issued the superseding indictment.
A criminal indictment serves two fundamental purposes. First, by identifying and defining the offense, it protects the accused from future prosecutions for the same offense. State v. Sellards (1985),17 Ohio St.3d 169, 170. Second, because the indictment compels the government to aver the material facts constituting the essential elements of the offense, it affords the accused notice and an opportunity to defend. Sellards at 170. In defining a "corrupt activity", R.C.2923.31(I) cites to dozens of sections of the Revised Code, violations of which would constitute corrupt activities. Due to the indeterminate meaning of "corrupt activity," an indictment charging the defendant with conspiracy to engage in a pattern of corrupt activity that fails to allege a substantial overt act committed by the accused in furtherance of the conspiracy is inadequate to fulfill the role served by the indictment in our judicial system.
The Supreme Court of Ohio held in Childs that "R.C. 2923.01(B) provides that no person shall be convicted of the crime of conspiracy unless a substantial overt act is `alleged and proved.' Clearly, this section of the Revised Code requires that the substantial, overt act not only be proven, but also alleged in the indictment." Childs at 199. In view of this holding and appellee's failure, in the instant case, to allege in the superseding indictment an overt act in furtherance of the conspiracy on the part of appellant or one of his co-conspirators, appellant's first assignment of error would be well-taken if the issue were not moot.
For the reasons stated with respect to appellant's second assignment of error, we reverse the trial court's conviction of appellant on the charge of conspiracy to engage in corrupt illegal activity and enter judgment on behalf of appellant.
 _______________________________________ JUDITH A. CHRISTLEY, PRESIDING JUDGE
NADER, J., O'NEILL, J., concur.
[1] The court is somewhat perplexed as to why appellee sought a superseding indictment. Appellant contends that appellee wished to delay the start of the trial; therefore, a vague superseding indictment was served on appellant. Appellant was then presented with the choice of either: (1) filing a motion to dismiss, thereby triggering the appellee's response time and effectively granting the delay sought by appellee, or (2) proceeding to trial on "an indictment so vague that the outer limits of relevance [would have been] defined only by the scores of state and federal offenses that comprise corrupt activities under R.C.2923.31* * *."