OPINION
This appeal is taken from a final judgment of the Portage County Court of Common Pleas. Appellant, Michael S. Sharpless, appeals from: the trial court's decision not to apply State v. Childs (2000),88 Ohio St.3d 194; the court's application of res judicata; the court's denial of his motion for relief from conviction; and, the sentence imposed by the trial court.
The following procedural history is relevant to this appeal. On February 13, 1997, appellant was indicted on one count of conspiracy to commit aggravated murder, in violation of R.C. 2903.01 and 2923.01. After a guilty verdict was returned by the jury, the court sentenced appellant to a term of nine years in prison. Appellant appealed, challenging his sentence and conviction; we affirmed both. State v.Sharpless (Dec. 18, 1998), Portage App. No. 97-P-0065, unreported, 1998 Ohio App. LEXIS 6162. The Supreme Court of Ohio declined jurisdiction.State v. Sharpless (1999), 85 Ohio St.3d 1457.
On August 3, 1999, appellant[1] filed a petition for postconviction relief and a motion for recusal. The trial court found that the petition was untimely and dismissed appellant's petition without a hearing on August 11, 1999. Appellant timely filed his notice of appeal from this judgment. On September 7, 1999, appellant filed a second petition for postconviction relief and filed a motion to amend his petition on November 23, 1999. On December 2, 1999, appellant filed another motion for recusal of the trial court judge. On December 13, 1999, the trial court denied appellant's motions for recusal and dismissed appellant's second petition. Appellant filed a second notice of appeal, challenging this judgment. This court, sua sponte, consolidated both appeals. On February 9, 2001, we affirmed the judgments of the trial court.
On April 3, 2000, appellant filed a third petition for postconviciton relief or, in the alternative, a motion for a new trial and to vacate the judgment and sentence. On June 12, 2000, the trial court denied, without a hearing, appellant's third petition. From this judgment, appellant presents the following assignments of error for our review:
 "[1] Defendant was denied due process of law when the common pleas court failed to apply a controlling supreme court decision to defendant's case.
 "[2] Defendant was denied due process of law when the court mechanically applied res judicata to these proceedings.
 "[3] Defendant was denied due process of law when he was not granted relief from a conviction which was based on a void indictment.
 "[4] Defendant was denied due process of law when he was sentenced on an indictment which did not charge an offense."
 In appellant's first assignment of error, he argues that he was denied due process of law when the trial court failed to apply a recent decision of the Supreme Court of Ohio. Appellant argues that pursuant to the Supreme Court's decision in State v. Childs (2000), 88 Ohio St.3d 194, the indictment is void and as such he is entitled to relief. Appellee argues that appellant misstates the law; Childs is not controlling in the instant case; and, Childs is distinguishable from the case at bar. In Childs, supra, at 199, the court held that an indictment for conspiracy to commit aggravated trafficking pursuant to R.C. 2923.01, must allege some specific, substantial, overt act committed in furtherance of the conspiracy for the indictment to be valid.
As this is appellant's third petition for postconviction relief, R.C.2953.23 governs. R.C. 2953.23(A) provides that a court may not entertain a second petition or successive petititons filed pursuant to R.C. 2953.21, unless both of the following apply:
"(1) Either of the following applies:
 "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonble factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
R.C. 2953.23(A)(1)(b) requires that the petitioner show that the United States Supreme Court has, since petitioner's last petition, recognized a new federal or state right that applies retroactively. The alleged right upon which appellant bases his argument was recognized by the Supreme Court of Ohio, not the United States Supreme Court, as R.C.2953.23(A)(1)(b) mandates. See, e.g., State v. Johnson (Jan. 5, 1998), Clinton App. No. CA97-07-006, unreported, 1998 Ohio App. LEXIS, at *10. Consequently R.C. 2953.23(A)(1)(b) does not apply. Moreover, appellant made no attempt to argue that R.C. 2953.23(A)(1)(a) had any application to the instant case. Appellant has not shown the requisite criteria in R.C. 2953.21(A)(1). Thus, the trial court did not err in dismissing appellant's third petition without an evidentiary hearing. Appellant's first assignment of error is without merit.
Even if appellant's petition had been properly filed, his claims are now barred by res judicata. The doctrine of res judicata precludes a defendant from raising an issue in a petition for postconviction relief that could have been raised on direct appeal. State v. Szefcyk (1996),77 Ohio St.3d 93, 96. While Childs had not yet been decided at the time of appellant's direct appeal, the issue contained therein, that an indictment for conspiracy which fails to allege an overt act in furtherance of the conspiracy is fatally defective, was previously raised by appellant's argument that the indictment's failure to specify either the object of the conspiracy or the overt act in furtherance thereof denied him of his constitutional right to know the `nature and cause' of the accusation against him. Sharpless, 1998 Ohio App. LEXIS 6162, at *29. Thus, the trial court did not err in finding that appellant's arguments are barred by res judicata. Appellant's second assignment of error lacks merit.
In appellant's third assignment of error, he argues that he was denied due process when he was not granted relief from his conviction. Appellant has failed to comply with the procedural requirements of R.C.2953.23(A). He has not shown that he was unavoidably prevented from discovery of facts upon which he relies in his claim for postconviction relief or that the United States Supreme Court has recognized a new right that applies retroactively. R.C. 2953.23(A)(1)(a) and (b). Thus, appellant's third assignment of error is without merit.
In appellant's fourth assignment of error, he argues that, due to an alleged deficiency in the indictment, it did not charge an offense; therefore, he was denied due process when he was convicted and sentenced. Appellant previously raised the issue of the indictment's alleged inadequacies on appeal to this court, Sharpless, 1998 Ohio App. LEXIS 6162, at *29, and is now barred by res judicata. Appellant's fourth assignment of error lacks merit.
Based on the foregoing analysis, the judgment of the trial court is affirmed.
 ____________________________ JUDGE ROBERT A. NADER
FORD, P.J., GRENDELL, J., concur.
[1] Appellant acted pro se during his first and second petitions for postconviction relief.