OPINION
{¶ 1} Ernest J. Smith appeals from his conviction and sentence in the Montgomery County Court of Common Pleas on one count of aggravated robbery in violation of R.C. § 2911.01(A)(1).
 {¶ 2} Smith advances five assignments of error on appeal. First, he contends the trial court erred in giving his deadlocked jury a "Howard charge."[1] Second, he asserts that the State presented legally insufficient evidence to support his conviction. Third, he raises an ineffective assistance of counsel claim based on his attorney's failure to challenge the sufficiency of his indictment. Fourth, he advances another ineffective assistance of counsel claim based on his attorney's failure to compel the State to provide a responsive bill of particulars. Fifth, he argues that the cumulative effect of the foregoing errors committed by his attorney deprived him of his right to a fair trial.
 {¶ 3} The present appeal stems from an incident that occurred on the afternoon of October 17, 2001. At that time, John Neidert was working in his photography studio at 411 East Fifth Street in Dayton, Ohio. After hearing a "thump" on the wall, Neidert looked in the hallway and saw his bicycle, which he normally kept locked in the basement.[2] Neidert looked the other direction and saw Smith standing on a flight of stairs. Neidert asked if he could help Smith, who responded, "I was just out ridin' my bike." Upon inquiry, Smith indicated that he was referring to the bicycle in the hallway. At that point, Neidert stated that the bicycle belonged to him. When Smith insisted it was his, Neidert accused him of stealing the bicycle from the basement. Neidert then ran down the stairs and saw the basement door propped open. When he returned, he asked Smith, who remained standing in the hallway, to step into the photography studio while he called the police. In response, Smith pulled a knife from his pocket and said, "Get away from me or I'll cut you." As Neidert stepped aside, Smith grabbed the bicycle and ran toward a door leading outside. Neidert then grabbed the back of the bicycle and said, "You're not takin' this bike anywhere." At that point, Smith released the bicycle and fled toward the door. With Neidert following him, Smith hit the door "full speed" but stopped "on a dime," apparently unaware that the door opened inward. Smith then "came at" Neidert with the knife, as Neidert used the bicycle to shield himself. Smith subsequently opened the door and fled outside with Neidert in pursuit on foot. Once in the parking lot, Smith stopped running, turned to face Neidert, and again threatened him with the knife. Neidert then stepped between cars and proceeded to chase Smith to the intersection of Fourth Street and Wayne Avenue, where police arrived and diffused the situation.
 {¶ 4} As a result of the foregoing incident, Smith was arrested and charged with aggravated burglary in violation of R.C. 2911.11(A)(2) and aggravated robbery in violation of R.C. 2911.01(A)(1). The matter proceeded to trial before a jury on March 21-22, 2002. After hearing testimony from Neidert and three police officers, the jury acquitted Smith of aggravated burglary but convicted him of aggravated robbery. The trial court subsequently sentenced him to four years in prison. Smith then filed a timely notice of appeal, advancing the five assignments of error set forth above.
 {¶ 5} In his first assignment of error, Smith contends the trial court erred when it gave the jury a Howard charge after being informed that jurors could not reach a unanimous decision and that further deliberation would not resolve the deadlock. The record reflects that after a little more than three hours of deliberations, the trial court received a note from the jury forelady. The note stated: "The Jury has reached a decision on Count I of the Indictment. The Jury is unable to reach a unanimous decision on Count II of the Indictment. Further deliberation will not change this situation." Over an objection by defense counsel, the trial court responded to the note by giving the jury the now-familiar "Howard charge." After hearing the charge and deliberating for another one and one-half hours, the jury unanimously found Smith guilty of aggravated robbery as charged in count two.
 {¶ 6} On appeal, Smith insists that the trial court's use of theHoward charge constituted an abuse of discretion. Given the statement by the forelady that further deliberation would not break the jury's deadlock, Smith argues that the charge had a coercive effect by implying that jurors were required to reach a verdict. In making this argument, Smith acknowledges that the Ohio Supreme Court in State v. Howard
(1989), 42 Ohio St.3d 18, approved language substantially similar to that used by the trial court in the present case. See Appellant's Reply Brief at 1-2. He nevertheless insists that the trial court's charge was inappropriate herein because the jury had reported both that it was deadlocked and that further deliberation would be futile. In Smith's view, this fact distinguishes the present case from Howard and others in which juries merely have reported being deadlocked. In other words, Smith contends the forelady's assertion that more deliberation would not help preempted the need for a Howard charge and rendered the giving of that charge an abuse of discretion.
 {¶ 7} Upon review, we find the foregoing argument to be unpersuasive. As an initial matter, we recognize (as does Smith) that the language employed by the trial court adequately tracked the language approved by the Ohio Supreme Court in Howard. Therefore, we find no error in the content of the charge. Furthermore, with regard to Smith's specific argument, we do not agree that the substance of the forelady's note meaningfully distinguishes the present case from Howard and its progeny. We do recognize, of course, that in most cases of this nature, a note from a jury simply reports the existence of a deadlock. In the present case, the forelady went further, expressing an opinion that additional deliberation would not change the situation. In our view, however, such an assertion is implicit in virtually every instance when jurors report an inability to reach a unanimous verdict. Indeed, if jurors thought that continued deliberation might break a deadlock, they presumably would continue deliberating rather than stopping to report a deadlock. As a result, we find nothing particularly significant about the language employed by the forelady in this case.[3] Her untested belief that further deliberation would prove futile did not prohibit the trial court from exercising its discretion to read the Howard charge. Accordingly, we overrule Smith's first assignment of error.
 {¶ 8} In his second assignment of error, Smith argues that his aggravated robbery conviction is not supported by legally sufficient evidence. When reviewing a challenge to the sufficiency of the evidence, we must determine "whether any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found that the state had proven the essential elements of the crime beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, 273. In the present case, Smith contends the State failed to present any evidence that he used a deadly weapon in furtherance of the attempted theft of Neidert's bicycle. Stated differently, Smith reasons that his use of a deadly weapon must have been for the purpose of depriving Neidert of his bicycle. Smith insists, however, that each time he used the knife, he did so in an attempt to get away from Neidert and not for the purpose of stealing the bicycle. Under such circumstances, he asserts that an aggravated robbery conviction under R.C. 2911.01(A)(1) cannot stand.
 {¶ 9} Upon review, we find Smith's argument to be without merit. His assertion that R.C. 2911.01(A)(1) requires the use of a deadly weapon in furtherance of an attempted theft offense is belied by the plain language of the statute. Section 2911.01(A)(1) provides: "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01
of the Revised Code, or in fleeing immediately after the attempt oroffense, shall do any of the following: (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]" (Emphasis added.)
 {¶ 10} As the foregoing language demonstrates, the State properly may obtain a conviction under R.C. 2911.01(A)(1) by proving that a defendant, in fleeing immediately after an attempted theft, had a deadly weapon on or about his person or under his control and used, displayed, or brandished the weapon. The statute simply does not require the weapon to be used, displayed, or brandished in furtherance of an attempted theft. It is sufficient if the offender used, displayed, or brandished the weapon in fleeing immediately after an attempted theft.[4] In the present case, the State presented evidence sufficient to support a finding that Smith, in immediately fleeing after the attempted theft of Neidert's bicycle, had a deadly weapon, a knife, on or about his person or under his control and displayed or brandished the knife.
 {¶ 11} In opposition to the foregoing conclusion, Smith cites two unreported cases decided by the Tenth District two decades ago, State v.King (Aug. 27, 1981), Franklin App. No. 80AP-968, and State v. Turner
(Sept. 27, 1983), Franklin App. No. 83AP-226. In both cases, the Tenth District concluded that the use of force for the sole purpose of escape, rather than for the purpose of depriving a person of his property, is insufficient to support a robbery conviction under the analogous language of R.C. 2911.02(A). We note, however, that King most recently was cited by another appellate district for the proposition that it is wrong. SeeIn re Mills, Ashtabula App. No. 2001-A-0028, 2002-Ohio-3125, reversed on other grounds, 97 Ohio St.3d 432, 2002-Ohio-6670. Likewise, in State v.Trammell (July 27, 1994), Montgomery App. No. 14092, this court rejected the King-Turner rationale, concluding that the use of force in fleeing after a theft or attempted theft need not be for the purpose of depriving an owner of property in order to sustain a robbery conviction. See, also, State v. Scott (Mar. 11, 1991), Adams App. No. CA 505 (rejecting the King-Turner analysis and noting that R.C. 2911.02(A) "appears to be worded broadly enough to encompass within the robbery definition the use of force used in fleeing immediately after a theft or attempted theft, whether the purpose of the force was to deprive the owner of the property or to escape").
 {¶ 12} Although we reject Smith's interpretation of R.C.2911.01(A)(1), we would find his conviction supported by legally sufficient evidence even if his reading of the statute were correct. As noted above, Smith first threatened Neidert with a knife in a hallway outside the photography studio. In particular, when Neidert asked Smith to step into the studio so he could call the police, Smith pulled the knife from his pocket, told Neidert to "get away," and then proceeded to grab the bicycle and move toward the outside door. See Trial Transcript at 108-109. This conduct by Smith quite reasonably could be construed as displaying or brandishing a knife in furtherance of an attempted theft offense.
 {¶ 13} Based on the reasoning set forth above, we conclude that the State presented legally sufficient evidence to support Smith's aggravated robbery conviction. Viewed in the light most favorable to the prosecution, the testimony of Neidert, if believed, is sufficient to support a finding, beyond a reasonable doubt, that Smith, both in attempting to steal Neidert's bicycle and in immediately fleeing after the attempted theft of Neidert's bicycle, had a deadly weapon, a knife, on or about his person or under his control and displayed or brandished the knife in violation of R.C. 2911.01(A)(1). Accordingly, we overrule his second assignment of error.
 {¶ 14} In his third assignment of error, Smith raises an ineffective assistance of counsel claim based on his attorney's failure to file a motion to dismiss challenging the sufficiency of his indictment. With regard to the aggravated robbery count, Smith notes that the indictment recited the language of R.C. 2911.01 without identifying a particular theft offense and without describing the specific conduct underlying his offense. According to Smith, defense counsel's failure to move for dismissal on the basis of these omissions constituted ineffective assistance of counsel.
 {¶ 15} Upon review, we find this argument to be unpersuasive. An indictment is sufficient if it contains in substance a statement that the accused has committed some specified public offense. Such an averment may be made in ordinary and concise language without technical averments or any non-essential allegations. It may be in the words of the Revised Code section describing the offense or in any words sufficient to give the accused notice of the offense with which he is charged. Crim.R. 7(B). "Generally, the requirements of an indictment may be met by reciting the language of the criminal statute." State v. Childs, 88 Ohio St.3d 194,199, 2000-Ohio-298.
 {¶ 16} In the present case, Smith's indictment adequately recited the language of R.C. 2911.01(A)(1). Although the indictment did not specify the particular "theft offense" at issue, the absence of this information did not render the indictment fatally defective. In State v.Murphy (1992), 65 Ohio St.3d 554, 583, the Ohio Supreme Court held that an indictment for aggravated robbery is sufficient if it tracks the language of R.C. 2911.01(A)(1).[5] As a result, Smith's indictment was not defective insofar as it alleged aggravated robbery, and defense counsel did not provide deficient representation by failing to seek its dismissal. In addition, we would find no prejudice to Smith, even if his indictment were defective. See State v. Bradley (1989), 42 Ohio St.3d 136,137, following Strickland v. Washington (1984), 466 U.S. 668 (recognizing that "[c]ounsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance"). The record makes clear that Smith was aware of the nature of his theft offense and the conduct underlying the offense. Following his indictment, the matter proceeded to a suppression hearing, where Neidert testified in detail about the theft offense and Smith's conduct. Likewise, we note that Smith's attorney expressed no surprise at trial when Neidert implicated Smith in the attempted theft of his bicycle or when the trial court provided the jury with the pertinent "theft offense" instruction. See Trial Transcript at 212. Accordingly, we overrule Smith's third assignment of error.
 {¶ 17} In his fourth assignment of error, Smith advances a second ineffective assistance of counsel argument. This argument concerns his attorney's failure to move for an order compelling a more responsive bill of particulars. As noted above, defense counsel moved for a bill of particulars setting forth the nature of the offense and the specific conduct alleged to constitute the offense, including specific dates, times and places. The State responded with a bill of particulars that appears to have been of limited usefulness. It first incorporated by reference "all facts and information" contained in the indictment. It then incorporated by reference "all facts and information provided in the State's discovery packet." Finally, with regard to the aggravated robbery offense, it stated: "As to Count Two of the Indictment, the State will prove at trial in the above-captioned case on October 17, 2001, in Montgomery County, Ohio, Defendant, in attempting or committing a theft offense, did have a knife on or about his person or under his control and displayed, brandished, indicated possession or used the knife."
 {¶ 18} On appeal, Smith asserts that his attorney provided ineffective assistance by failing to move the trial court to compel a more responsive bill of particulars. We find this argument to be unpersuasive. Even assuming that defense counsel provided deficient representation by not filing such a motion, the record is devoid of any resulting prejudice to Smith. In his brief, Smith suggests that if he had been informed about the nature of his offense and the specific conduct alleged, he could have prepared a better defense and possibly located alibi witnesses. This argument is specious. As noted above, Smith was well aware of the nature of the aggravated robbery charge against him and the conduct underlying the charge. In a criminal prosecution, the State must, in response to a request for a bill of particulars or demand for discovery, supply specific dates and times with regard to an alleged offense where it possesses such information. State v. Sellards (1985),17 Ohio St.3d 169. Crim.R. 7(E) provides as follows:
 {¶ 19} "(E) Bill of particulars. When the defendant makes a written request within twenty-one days after arraignment but not later than seven days before trial, or upon court order, the prosecuting attorney shall furnish the defendant with a bill of particulars setting up specifically the nature of the offense charge and of the conduct of the defendant alleged to constitute the offense. A bill of particulars may be amended at any time subject to such conditions as justice requires."
 {¶ 20} A bill of particulars is not designed to provide the accused with specifications of evidence or to serve as a substitute for discovery. State v. Wilson (1972), 29 Ohio St.2d 203. The State argues that it met its requirement to provide a bill of particulars by referring the defendant to the discovery packet it had provided to his counsel. That packet, however, was not made part of the trial record, and we are unable to determine whether it met the requirements of Crim.R. 7(E) in whole or in part.
 {¶ 21} The indictment provided the date of the aggravated robbery offense alleged to have been committed by the defendant. On February 8, 2002, the trial court conducted a hearing upon the defendant's motion to suppress the identification made by the victim of the defendant. At that hearing, which was conducted more than a month and a half before trial, the victim gave extensive testimony concerning the events surrounding the alleged aggravated robbery. At the conclusion of that hearing, the defendant could not have entertained any doubts about the specific time and place of the alleged crime nor about the nature of the offense charged or of his conduct alleged to constitute it. Accordingly, we overrule his fourth assignment of error.
 {¶ 22} In his fifth assignment of error, Smith contends that his attorney's failure to challenge the sufficiency of the indictment and failure to move for a responsive bill of particulars had the cumulative effect of denying him a fair trial. Upon review, we find this argument to be unpersuasive. In our analysis above, we concluded that Smith's indictment was not insufficient, and we noted that Smith suffered no prejudice from the inadequacy of the bill of particulars. Given that Smith has failed to demonstrate any individual prejudicial error, he cannot possibly demonstrate any "cumulative error" that had the effect of depriving him of a fair trial. Accordingly, we overrule his fifth assignment of error and affirm the judgment of the Montgomery County Court of Common Pleas.
Judgment affirmed.
WOLFF and GRADY, JJ., concur.
[1] See State v. Howard (1989), 42 Ohio St.3d 18.
[2] The record reflects that Neidert, the owner of the building, lived on an upper floor and maintained his photography studio in the building. He also rented office space to other tenants.
[3] Although we have not found any Ohio case law specifically addressing the argument that Smith raises herein, we do note that Howard
charges have been upheld in cases where jurors have identified a deadlockand expressed a belief that further deliberation would not change the situation. See, e.g., State v. Rowe (1993), 92 Ohio App.3d 652, 673, 676
(upholding the trial court's use of a Howard charge after the jury sent a note stating, "After discussion of all evidence and talk among the jurors, the vote taken had shown a split of 11 and 1. The single vote has stated that nothing will change the opinion.'"); State v. Samples (Dec. 24, 1996), Hamilton App. No. C-960241 (upholding the trial court's use of a Howard charge after the jury stated, "We are hopelessly deadlocked and we do not see any way to reach a verdict. Ever."); State v. Davis (June 5, 1990), Mahoning App. No. 88 C.A. 195 (upholding the trial court's use of a Howard-type charge after the jury conveyed its belief that it "was deadlocked and that further deliberations would not result in a unanimous verdict").
[4] Indeed, when an offender is fleeing immediately after an attemptedtheft offense, he plainly has stopped trying to deprive the owner of property and, by definition, has failed in that effort. Consequently, the production of a deadly weapon by such an offender logically cannot be infurtherance of an attempted theft. Rather, the production of a deadly weapon by an offender who is fleeing immediately after an attempted theft would be for the purpose of facilitating his flight. Under the clear language of R.C. 2911.01(A)(1), however, such conduct constitutes aggravated robbery.
[5] In Murphy, the Ohio Supreme Court also noted that the appellant was able to obtain further details through a bill of particulars. Although Smith makes much of this fact, the availability of a bill of particulars does not appear to have been crucial to the Murphy court's finding that the indictment was adequate. Indeed, the Murphy court expressly rejected the appellant's challenge to his indictment for two independent reasons. First, the indictment was sufficient because it followed the language of R.C. 2911.01(A)(1). Second, the appellant also had received a bill of particulars which provided the information at issue. The Ohio Supreme Court in Murphy simply did not suggest that the indictment would have been deficient absent a bill of particulars. Likewise, in State v.Landrum (1990), 53 Ohio St.3d 107, 119, which the Murphy court cited with approval, the court found that the indictment at issue was sufficient because it tracked the statutory language. The court then observed that a bill of particulars had provided further clarification. In any event, a bill of particulars was available to Smith in the present case just as it had been available to the defendants in Murphy and Landrum. In fact, we note that defense counsel actually moved for a bill of particulars in the present case. Although Smith argues that the State provided him with a non-responsive bill of particulars, we will address this argument in our analysis of his fourth assignment of error, which raises the issue directly.