The STATE of Ohio, Appellant,

v.

ROACH, Appellee.

[Cite as *State v. Roach*, 165 Ohio App.3d 167, 2005-Ohio-6301.]

Court of Appeals of Ohio,
Fifth District, Licking County.

No. 05–CA–57.

Decided Nov. 23, 2005.

</div>

Scott M. Eckstein, Assistant Licking County Prosecuting Attorney, for appellant.

Tim Cooper, for appellee.

HOFFMAN, Judge.

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals the April 28, 2005 and May 24, 2005 judgment entries of the Licking County Court of Common Pleas dismissing count one of the indictment against defendant-appellee, Rodney Roach.

## STATEMENT OF THE FACTS AND CASE

{¶ 2} In July and August 2004, appellee repeatedly called the Ohio Department of Job and Family Services ("ODJFS") with reference to his unemployment claim. During the telephone calls, appellee would use numerous profanities and talk in a threatening manner. During a telephone call on August 3, 2004, appellee suggested to an employee of ODJFS that if he did not receive his

benefits, he would engage in conduct making "9/11 look tame." Appellee made sounds in the background consisting of two gunshot-like noises. Appellee then asked the employee if he heard the noises. Appellee told the employee, "That's someone getting hurt, do you know what I mean?"

{¶ 3} On April 13, 2004, appellee was indicted on one count of making terroristic threats, in violation of R.C. 2909.23(A)(1)(c)(2)(C), and one count of felony menacing by stalking, in violation of R.C. 2903.211(A)(1) and (B)(2)(e).

{¶ 4} On August 23, 2004, and on September 9, 2004, appellee requested discovery and a bill of particulars.

{¶ 5} On September 14, 2004, the state filed its discovery record, notice of intent, bill of particulars, and the state's request for discovery. The state's bill of particulars inadvertently detailed statements as constituting the offense of assault. Accordingly, on April 26, 2005, the. state filed an amended bill of particulars specifying that the first count of the indictment involved appellee's threats, directly or by innuendo, to commit the offense of felonious assault.

{¶ 6} On April 28, 2005, the state moved the trial court to amend the indictment. Specifically, the state sought to amend the charge in the second count to aggravated menacing, in violation of R.C. 2903.21(A). The trial court granted the motion on the same day.

{¶ 7} Also on April 28, 2005, via judgment entry, the trial court dismissed count one of the indictment sua sponte. Via a separate judgment entry on May 24, 2005, the trial court determined on its own motion to dismiss count one of the indictment, making terroristic threats, indicating that it believed that appellee was entitled to have the "specified offense" expressly identified in the indictment itself, and failure to do so was error.

{¶ 8} The state of Ohio filed its notice of appeal from both the April 28, 2005 and May 24, 2005 judgment entries on May 24, 2005, assigning as the sole assignment of error:

{¶ 9} "I. The trial court erred when it dismissed count one of the indictment."

{¶ 10} Appellant's sole assignment of error maintains that the trial court erred in dismissing count one of the indictment, finding that the state failed to expressly identify the "specified offense" in the indictment itself.

{¶ 11} As stated above, on August 12, 2004, appellee was indicted on one count of making terroristic threats, in violation of R.C. 2909.23(A)(1) and (B)(2)(e). Appellee requested and the state responded to a request for discovery and a bill of particulars.

{¶ 12} The August 12, 2004 indictment alleges that appellee:

{¶ 13} "[P]ursuant to Ohio Revised Code Section 2901.12, did threaten to commit or did threaten to cause to be committed a specified offense, when the threat was made with purpose to affect the conduct of any government by the threat or by the specified offense, and as a result of the threat, did, cause a reasonable expectation or fear of the imminent commission of the specified offense, in violation of Section 2909.23(A)(1)(c)(2)(C) of the Ohio Revised Code, a felony of the third degree."

{¶ 14} R.C. 2909.21 defines "specified offense" as:

{¶ 15} "(E) 'Specified offense' means any of the following:

{¶ 16} "(1) A felony offense of violence, a violation of section 2909.04 or 2927.24 of the Revised Code, or a felony of the first degree that is not a violation of any provision in Chapter 2925. or 3719. of the Revised Code;

{¶ 17} "(2) An attempt to commit, complicity in committing, or a conspiracy to commit an offense listed in division (E)(1) of this section."

{¶ 18} Appellant asserts the "felony offense of violence" need not be pleaded in the indictment; rather, the indictment itself sufficiently satisfied the require-ments of Crim.R. 7. We agree.

{¶ 19} Ohio Crim.R. 7 governs the nature and contents of indictments:

{¶ 20} "(B) Nature and contents

{¶ 21} "The indictment shall be signed in accordance with Crim.R. 6(C) and (F) and contain a statement that the defendant has committed a public offense specified in the indictment. The information shall be signed by the prosecuting attorney or in the name of the prosecuting attorney by an assistant prosecuting attorney and shall contain a statement that the defendant has committed a public offense specified in the information. The statement may be made in ordinary and concise language without technical averments or allegations not essential to be proved. The statement may be in the words of the applicable section of the statute, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged. It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. Each count of the indictment or information shall state the numerical designation of the statute that the defendant is alleged to have violated. Error in the numerical designation or omission of the numerical designation shall not be ground for dismissal of the indictment or information, or for reversal of a conviction, if the error or omission did not prejudicially mislead the defendant.

{¶ 22} " * * *

{¶ 23} "(E) Bill of particulars

{¶ 24} "When the defendant makes a written request within twenty-one days after arraignment but not later than seven days before trial, or upon court order, the prosecuting attorney shall furnish the defendant with a bill of particulars setting up specifically the nature of the offense charged and of the conduct of the defendant alleged to constitute the offense. A bill of particulars may be amended at any time subject to such conditions as justice requires."

{¶ 25} The state's not pleading the specified offense of violence in the indictment did not render the indictment defective. An indictment "compels the government to aver all material facts constituting the essential elements of an offense, thus affording the accused adequate notice and an opportunity to defend." *State v. Childs* (2000), 88 Ohio St.3d 194, 198, 724 N.E.2d 781.

{¶ 26} In *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215, ¶ 30–31, the Ohio Supreme Court addressed this issue:

{¶ 27} "[T]he omission of the underlying felony in the indictment was remedied because the bill of particulars identified the underlying felony, as is permitted where the indictment sufficiently tracked the wording of the kidnapping statute. [*State v.*] *Murphy*, [ (1992) ], 65 Ohio St.3d [554] at 583, 605 N.E.2d 884. In addition, there is no requirement that the indictment demonstrate the basis for the grand jury's findings. The bill of particulars serves this function. We reject proposition of law III.

{¶ 28} "In proposition of law IV, Skatzes contends that the indictment was defective because it failed to identify the underlying felony in the kidnapping charge or the elements of the underlying felony. As discussed under proposition of law III, however, the indictment tracked the language of the kidnapping statute. The bill of particulars identified aggravated riot as the underlying felony and remedied any defect in the indictment. *Murphy*, 65 Ohio St.3d at 583, 605 N.E.2d 884. Skatzes's claim regarding the failure to list the elements of aggravated riot was not outcome-determinative plain error since Skatzes was sufficiently informed of the charges against him in both the indictment and bill of particulars. *State v. Frazier* [ (1995) ], 73 Ohio St.3d [323] at 332, 652 N.E.2d 1000. We reject proposition of law IV."

{¶ 29} Upon review, the indictment in the case sub judice averred the material facts constituting the essential elements of the offense, affording appellee notice and an opportunity to defend. Any alleged defect in the indictment was remedied by appellee's requesting and the state's rendering the bill of particulars delineating the nature of the offense charged and the conduct alleged to constitute the offense. The bill of particulars clearly put appellee on notice that the actual felony offense of violence was felonious assault, relating to appellee's threat

to make "9/11 look tame" and his making gunshot noises referring to someone getting hurt. Therefore, we find that the trial court erred in sua sponte dismissing count one of the indictment based upon the state's failure to plead the underlying specified offense.

{¶ 30} The April 28, 2005 and May 24, 2005 judgment entries of the Licking County Court of Common Pleas are reversed, and this matter is remanded for further proceedings consistent with the law and this opinion.

<div style="text-align:right">

Judgment reversed
and cause remanded.

</div>

BOGGINS, P.J., and GWIN, J., concur.