THE STATE OF OHIO, APPELLEE, v. COLON, APPELLANT.

[Cite as *State v. Colon,* 118 Ohio St.3d 26, 2008-Ohio-1624.]

(Nos. 2006–2139 and 2006–2250—Submitted November 7, 2007—Decided April 9, 2008.)

---

**MOYER, C.J.**

{¶ 1} Pursuant to Section 3(B)(4), Article IV of the Ohio Constitution and App.R. 25, the Eighth District Court of Appeals certified its judgment in this case as being in conflict with the judgments of the First District Court of Appeals in *State v. Shugars*, 165 Ohio App.3d 379, 2006-Ohio-718, 846 N.E.2d 592, and the Third District Court of Appeals in *State v. Daniels*, Putnam App. No. 12–03–12, 2004-Ohio-2063, 2004 WL 877695, on the following issue: "Where an indictment fails to charge the mens rea element of the crime, and the defendant fails to raise that issue in the trial court, has the defendant waived the defect in the indictment?" The answer to this question is no.

{¶ 2} Defendant-appellant, Vincent Colon, was convicted by a jury of the offense of robbery in violation of R.C. 2911.02(A)(2). Prior to the trial, the Cuyahoga County Grand Jury had returned a single-count indictment against the defendant, charging: "[I]n attempting or committing a theft offense, as defined in Section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense upon [the victim, the defendant did] inflict, attempt to inflict, or threaten to inflict physical harm on [the victim]."

{¶ 3} At the defendant's trial, the court instructed the jury on the elements of robbery pursuant to R.C. 2911.02(A)(2) and summarized the elements as (1) "in attempting or committing a theft offense or in fleeing immediately after the attempt or offense," (2) the defendant inflicted, or attempted to "inflict, or threatened to inflict physical harm upon [the victim]." The jury found the defendant guilty.

{¶ 4} On appeal, the defendant argued that his "state constitutional right to a grand jury indictment and state and federal constitutional rights to due process were violated when his indictment omitted an element of the offense." The indictment did not expressly charge the mens rea element of the crime of robbery.

{¶ 5} The court of appeals did not address the defect in the indictment; instead, the court affirmed the defendant's conviction pursuant to Crim.R. 12(C)(2). Crim.R. 12(C)(2) states that defects in an indictment are waived if not raised before trial, except that failure to show jurisdiction in the court or failure to charge an offense may be raised at any time during the pendency of the proceeding. The court of appeals held that because defendant did not raise the issue before his trial, he waived the argument that his indictment was defective.

{¶ 6} Defendant was convicted of the offense of robbery, pursuant to R.C. 2911.02(A)(2). That statute states:

{¶ 7} "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:

{¶ 8} " * * *

{¶ 9} "(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another."

## I

{¶ 10} There is no dispute that the defendant's indictment was defective. The indictment purportedly charged the defendant with robbery in violation of R.C. 2911.02(A)(2), but the indictment omitted a mens rea element for the actus reus element stated in subsection (2): "Inflict, attempt to inflict, or threaten to inflict physical harm on another."

## A

{¶ 11} While the robbery statute does not expressly state the degree of culpability required for subsection (2), the mental state of the offender is a part of every criminal offense in Ohio, except those that plainly impose strict liability. See *State v. Lozier*, 101 Ohio St.3d 161, 2004-Ohio-732, 803 N.E.2d 770, ¶ 18. Under R.C. 2901.21(A)(2), in order to be found guilty of a criminal offense, a person must have "the requisite degree of culpability for each element as to which a culpable mental state is specified by the section defining the offense."

{¶ 12} R.C. 2901.21(B) addresses both strict-liability statutes and those statutes, like the robbery statute (R.C. 2911.02), that do not expressly state a culpable mental state. *State v. Lozier*, 101 Ohio St.3d 161, 2004-Ohio-732, 803 N.E.2d 770, at ¶ 19. R.C. 2901.21(B) states that "[w]hen the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense."

{¶ 13} Thus, "recklessness is the catchall culpable mental state for criminal statutes that fail to mention any degree of culpability, except for strict liability statutes, where the accused's mental state is irrelevant. However, for strict liability to be the mental standard, the statute must plainly indicate a purpose to impose it." *State v. Lozier*, 101 Ohio St.3d 161, 2004-Ohio-732, 803 N.E.2d 770, at ¶ 21.

{¶ 14} R.C. 2911.02(A)(2) does not specify a particular degree of culpability for the act of "[i]nflict[ing], attempt[ing] to inflict, or threaten[ing] to inflict physical

harm," nor does the statute plainly indicate that strict liability is the mental standard. As a result, the state was required to prove, beyond a reasonable doubt, that the defendant recklessly inflicted, attempted to inflict, or threatened to inflict physical harm.

{¶ 15} In this case, the indictment failed to charge that the physical harm was recklessly inflicted. The state agrees that the omission in the indictment of one of the essential elements of the crime of robbery rendered the defendant's indictment defective.

## B

{¶ 16} This court has consistently protected defendants' rights to a proper indictment. As early as 1855, Chief Justice Ranney stated the importance of including all the essential elements in an indictment: " 'The nature and cause of the accusation' are not sufficiently stated to enable the accused to know what he might expect to meet upon the trial; and it is neither consistent with general principles nor constitutional safeguards, to allow a man to be thus put to trial upon a criminal charge in the dark." *Dillingham v. State* (1855), 5 Ohio St. 280, 285.

{¶ 17} Our case law follows the Ohio Constitution, which provides that "no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury." Section 10, Article I, Ohio Constitution. "The material and essential facts constituting an offense are found by the presentment of the grand jury; and if one of the vital and material elements identifying and characterizing the crime has been omitted from the indictment such defective indictment is insufficient to charge an offense, and cannot be cured by the court, as such a procedure would not only violate the constitutional rights of the accused, but would allow the court to convict him on an indictment essentially different from that found by the grand jury." *Harris v. State* (1932), 125 Ohio St. 257, 264, 181 N.E. 104.

{¶ 18} The Ohio Rules of Criminal Procedure reflect the principle that an indictment that fails to include all the essential elements of an offense is a defective indictment. Crim.R. 7(B) provides that an indictment must include a statement that "the defendant has committed a public offense specified in the indictment. * * * The statement may be made in ordinary and concise language without technical averments or allegations not essential to be proved. The statement may be in the words of the applicable section of the statute, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of *all the elements of the offense* with which the defendant is charged." (Emphasis added.)

## II

{¶ 19} Having concluded that the indictment in this case was defective because it failed to charge an essential element of the offense, we next determine whether an indictment that fails to include the mens rea of the offense charged may be challenged for the first time on appeal. In this case, the defective indictment resulted in structural error, and the court of appeals erred when it held that the error could not be raised for the first time on appeal.

### A

{¶ 20} Structural errors are "constitutional defects that ' "defy analysis by 'harmless error' standards" because they "affect[ ] the framework within which the trial proceeds, rather than simply [being] an error in the trial process itself." ' " (Brackets added in *Fisher*.) *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, at ¶ 17, quoting *State v. Fisher*, 99 Ohio St.3d 127, 2003-Ohio-2761, 789 N.E.2d 222, at ¶ 9, quoting *Arizona v. Fulminante* (1991), 499 U.S. 279, 309, 310, 111 S.Ct. 1246, 113 L.Ed.2d 302. "Such errors permeate '[t]he entire conduct of the trial from beginning to end' so that the trial cannot ' "reliably serve its function as a vehicle for determination of guilt or innocence." ' " Id., quoting *Arizona* at 309–310, 111 S.Ct. 1246, 113 L.Ed.2d 302, quoting *Rose v. Clark* (1986), 478 U.S. 570, 577–578, 106 S.Ct. 3101, 92 L.Ed.2d 460. "[A] structural error *mandates* a finding of 'per se prejudice.' " (Emphasis sic.) *State v. Fisher*, 99 Ohio St.3d 127, 2003-Ohio-2761, 789 N.E.2d 222, at ¶ 9.

{¶ 21} "In determining whether an alleged error is 'structural,' our threshold inquiry is whether such error 'involves the deprivation of a constitutional right.' " Id., citing *State v. Issa* (2001), 93 Ohio St.3d 49, 74, 752 N.E.2d 904 (Cook, J., concurring). If an error in the trial court is not a constitutional error, then the error is not structural error. See *State v. Issa* at 74, 752 N.E.2d 904 (Cook, J., concurring).

{¶ 22} We have previously cautioned against applying a structural-error analysis in cases that would otherwise be governed by Crim.R. 52(B) because the defendant did not raise the error in the trial court.[1] See *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, at ¶ 23. "This caution is born of sound policy. For to hold that an error is structural even when the defendant does not bring the error to the attention of the trial court would be to encourage

---

1. {¶ a} Crim.R. 52 provides:

{¶ b} "(A) Harmless error. Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.

{¶ c} "(B) Plain error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

defendants to remain silent at trial only later to raise the error on appeal where the conviction would be automatically reversed." (Emphasis omitted.) Id.

{¶ 23} The instant case could be decided by applying plain-error analysis pursuant to Crim.R. 52(B), because the defendant's substantial rights were prejudiced by the errors in the indictment, and the defendant failed to object to the indictment at the trial court. However, here, the defects in the indictment led to significant errors throughout the defendant's trial, and therefore, structural-error analysis is appropriate. As stated previously, structural errors permeate the trial from beginning to end and put into question the reliability of the trial court in serving its function as a vehicle for determination of guilt or innocence. *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, at ¶ 17.

### B

{¶ 24} Our holding in the instant case that the defect in the indictment resulted in structural error is supported by the Ohio Constitution, which states that "no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury." Section 10, Article I, Ohio Constitution. In order to establish structural error, the defendant must first establish that a constitutional error has occurred.

{¶ 25} As we explained in *State v. Wozniak* (1961), 172 Ohio St. 517, 520, 18 O.O.2d 58, 178 N.E.2d 800, "[t]o require defendants to answer for the crime sought to be charged in [the indictment] after amendment of the indictment by addition thereto of a missing charge of an essential element of that crime would be to require defendants to answer for a crime other than on 'presentment or indictment of a grand jury.'" In *State v. Wozniak*, the indictment did not include the element of intent specified in former R.C. 2907.10, now R.C. 2911.13, breaking and entering. Id. at 519, 18 O.O.2d 58, 178 N.E.2d 800. This court held that the prosecutor was not permitted to perfect the defective indictment by amendment, because "the grand jury and not the prosecutor, even with the approval of the court, must charge the defendant with each essential element of that crime." Id. at 520, 18 O.O.2d 58, 178 N.E.2d 800.

{¶ 26} Crim.R. 7, first adopted in 1973, affected the rule with respect to the amendment of indictments. Crim.R. 7(D) states: "The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged."

{¶ 27} Despite the language of Crim.R. 7(D) permitting amendment, an indictment must still meet constitutional requirements, and its failure to do so may violate a defendant's constitutional rights. In order to be constitutionally

sufficient, an indictment must, first, contain " 'the elements of the offense charged and fairly inform[ ] a defendant of the charge against which he must defend, and, second, enable[ ] him to plead an acquittal or conviction in bar of future prosecutions for the same offense.' " *State v. Childs* (2000), 88 Ohio St.3d 558, 565, 728 N.E.2d 379, quoting *Hamling v. United States* (1974), 418 U.S. 87, 117–118, 94 S.Ct. 2887, 41 L.Ed.2d 590.

{¶ 28} In the instant case, the indictment did not meet constitutional requirements, as it did not include all the essential elements of the offense charged against the defendant. Thus, the defendant was not properly informed of the charge so that he could put forth his defense.

{¶ 29} The defective indictment in this case resulted in several violations of the defendant's constitutional rights. First, the indictment against the defendant did not include all the elements of the offense charged, as the indictment omitted the required mens rea for the crime of robbery. Therefore, the defendant's indictment was unconstitutional.

{¶ 30} Second, there is no evidence in the record that the defendant had notice that the state was required to prove that he had been reckless in order to convict him of the offense of robbery, and thus the defendant's due process rights were violated. Further, the state did not argue that the defendant's conduct in inflicting physical harm on the victim constituted reckless conduct.

{¶ 31} In addition to the defendant being unaware of the elements of the crime with which he was charged, and the prosecutor failing to argue that the defendant's conduct in this case was reckless, when the trial court instructed the jury on the elements of robbery necessary to find the defendant guilty, the court failed to include the required mens rea for the offense. The defendant's counsel did not object to the incomplete instruction. There is no evidence in the record that the jury considered whether the defendant was reckless in inflicting, attempting to inflict, or threatening to inflict physical harm, as is required to convict under R.C. 2911.02(A)(2). Finally, during closing argument, the prosecuting attorney treated robbery as a strict-liability offense.[2]

{¶ 32} In summary, the defective indictment in this case failed to charge all the essential elements of the offense of robbery and resulted in a lack of notice to the defendant of the mens rea required to commit the offense. This defect clearly permeated the defendant's entire criminal proceeding. The defendant did not receive a constitutional indictment or trial, and therefore the defective indictment in this case resulted in structural error.

---

2. In closing, the prosecuting attorney said, "Vincent Colon robbed Samuel Woodie. He attempted to commit a theft offense, and he inflicted harm. It's simple. I ask you to keep it that simple and find him guilty."

## C

{¶ 33} The state agrees that the indictment charging the defendant is defective, but argues that the Ohio Rules of Criminal Procedure require that any objection based on defects in the indictment must be raised before trial. Crim.R. 12(C) provides:

{¶ 34} "Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial:

{¶ 35} " * * *

{¶ 36} "(2) Defenses and objections based on defects in the indictment, information, or complaint (other than failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceeding)."

{¶ 37} As stated in Crim.R. 12(C)(2), there are two specific exceptions to the general rule. Defects in an indictment that fail either "to show jurisdiction in the court" or "to charge an offense" do not need to be raised prior to trial and can be raised any time during the pendency of the proceeding. An indictment that omits the mens rea element of recklessness fails to charge the offense of robbery and is therefore an exception to the general rule stated in Crim.R. 12(C).

{¶ 38} Our conclusion that an indictment that omits an essential element fails to charge an offense is supported by case law. In *State v. Wozniak,* 172 Ohio St. 517, 18 O.O.2d 58, 178 N.E.2d 800, paragraph one of the syllabus, we held that the intent element of an offense is an essential element of the crime and an indictment that does not charge a defendant with intent does not charge a defendant with the crime. Also, in *State v. Childs,* we concluded that the defendant did not waive his challenge to an indictment that omitted a material element identifying the crime by not raising it prior to trial. Id., 88 Ohio St.3d 194, 724 N.E.2d 781. " ' "[I]f one of the vital and material elements *identifying and characterizing the crime* has been omitted from the indictment such defective indictment is insufficient to charge an offense, and cannot be cured by the court, as such a procedure would not only violate the constitutional rights of the accused, but would allow the court to convict him on an indictment essentially different from that found by the grand jury." ' " Id. at 198, 724 N.E.2d 781, quoting *Wozniak* at 521, 18 O.O.2d 58, 178 N.E.2d 800, quoting *Harris v. State* (1932), 125 Ohio St. 257, 264, 181 N.E. 104.

## III

{¶ 39} Our holding today, that a defendant can challenge for the first time on appeal an indictment that omits an essential element of the crime, protects defendants' right to a grand jury indictment. The grand jury is an important

part of American citizens' constitutional rights. Our grand jury system is derived from its English counterpart, and the concept was brought to this country by early colonists and incorporated into the federal Constitution. *Costello v. United States* (1956), 350 U.S. 359, 362, 76 S.Ct. 406, 100 L.Ed. 397. "The basic purpose of the English grand jury was to provide a fair method for instituting criminal proceedings against persons believed to have committed crimes. * * * Despite its broad power to institute criminal proceedings the grand jury grew in popular favor with the years. It acquired an independence in England free from control by the Crown or judges." Id.

{¶ 40} In discussing the grand jury provision of the federal Constitution, which is very similar to the grand jury provision of the Ohio Constitution, the Supreme Court of the United States has stated that the grand jury is a " ' "constitutional fixture in its own right." ' " *United States v. Williams* (1992), 504 U.S. 36, 47, 112 S.Ct. 1735, 118 L.Ed.2d 352, quoting *United States v. Chanen* (C.A.9, 1977), 549 F.2d 1306, 1312, quoting *Nixon v. Sirica* (C.A.D.C.1973), 487 F.2d 700, 712, fn. 54. "In this country the Founders thought the grand jury so essential to basic liberties that they provided in the Fifth Amendment that federal prosecution for serious crimes can only be instituted by 'a presentment or indictment of a Grand Jury.' The grand jury's historic functions survive to this day. Its responsibilities continue to include both the determination whether there is probable cause to believe a crime has been committed and the protection of citizens against unfounded criminal prosecutions." (Citation omitted.) *United States v. Calandra* (1974), 414 U.S. 338, 343, 94 S.Ct. 613, 38 L.Ed.2d 561.

{¶ 41} The state argues that despite the constitutional significance of the grand jury, permitting defendants to challenge a defective indictment for the first time on appeal will encourage defendants to withhold their challenges until after trial, resulting in inefficient proceedings. Our answer to this argument is simple: the state can thwart a defendant's ability to harbor his challenge until after judgment by securing an indictment from the grand jury that properly charges all the essential elements of the offense.

{¶ 42} Crim.R. 7(B) plainly states that an "indictment shall * * * contain a statement that the defendant has committed a public offense specified in the indictment." Further, Crim.R. 7(B) states, "The statement may be in the words of the applicable section of the statute, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of *all the elements of the offense* with which the defendant is charged." (Emphasis added.) "[A]n indictment charging an offense solely in the language of a statute is insufficient when a specific intent element has been judicially interpreted for that offense." *State v. O'Brien* (1987), 30 Ohio St.3d 122, 124, 30 OBR 436, 508 N.E.2d 144, citing *State v. Adams* (1980), 62 Ohio St.2d 151, 16 O.O.3d 169, 404 N.E.2d 144.

{¶ 43} Applying Crim.R. 7(B) to this case, since the language of R.C. 2911.02(A)(2) does not include the mental element required to commit the offense, the indictment was required to be in "words sufficient to give the defendant notice of all the elements." Further, pursuant to *State v. O'Brien*, the defendant's indictment was required to include the term "recklessly" in order to properly charge the offense. It is not an unreasonable burden to require counsel for the state to ensure that the defendant receives the benefit of his fundamental constitutional protections, nor is it unreasonable to expect a trial judge to properly instruct the jury regarding all the elements of the crime with which the defendant is charged.

{¶ 44} A defendant has a constitutional right to grand jury indictment and to notice of all the essential elements of an offense with which he is charged. The state must meet its duty to properly indict a defendant, and we will not excuse the state's error at the cost of a defendant's longstanding constitutional right to a proper indictment. When a defective indictment so permeates a defendant's trial such that the trial court cannot reliably serve its function as a vehicle for determination of guilt or innocence, the defective indictment will be held to be structural error. See *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, at ¶ 17.

{¶ 45} In conclusion, we hold that when an indictment fails to charge a mens rea element of a crime and the defendant fails to raise that defect in the trial court, the defendant has not waived the defect in the indictment.

Judgment reversed.

PFEIFER, O'CONNOR, and WOLFF, JJ., concur.

LUNDBERG STRATTON, O'DONNELL, and LANZINGER, JJ., dissent.

WILLIAM H. WOLFF JR., J., of the Second Appellate District, sitting for CUPP, J.

---

**O'DONNELL, J., dissenting.**

{¶ 46} As the majority acknowledges, there is no dispute that Colon's indictment is constitutionally defective because it omitted a necessary element for the offense of robbery. I respectfully dissent, however, from the conclusion that this defect is structural. Thus, in my view, a defendant forfeits all but plain error associated with such a defect by failing to object at a time when it could have been corrected by the trial court. Therefore, I would affirm the judgment of the court of appeals and answer the certified question in the affirmative.

## *Structural Error*

{¶ 47} A structural error, according to *Johnson v. United States* (1997), 520 U.S. 461, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718, is a defect " 'affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself,' " and thus it is "so serious as to defy harmless-error analysis." Id., quoting *Arizona v. Fulminante* (1991), 499 U.S. 279, 310, 111 S.Ct. 1246, 113 L.Ed.2d 302. Moreover, the court explained in *Neder v. United States* (1999), 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35, that "[s]uch errors 'infect the entire trial process,' * * * and 'necessarily render a trial fundamentally unfair.' " Id. at 8, 119 S.Ct. 1827, 144 L.Ed.2d 35, quoting *Brecht v. Abrahamson* (1993), 507 U.S. 619, 630, 113 S.Ct. 1710, 123 L.Ed.2d 353, and *Rose v. Clark* (1986), 478 U.S. 570, 577, 106 S.Ct. 3101, 92 L.Ed.2d 460. "Put another way, these errors deprive defendants of 'basic protections' without which 'a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence * * * and no criminal punishment may be regarded as fundamentally fair.' " Id. at 8–9, 119 S.Ct. 1827, 144 L.Ed.2d 35, quoting *Rose*, 478 U.S. at 577–578, 106 S.Ct. 3101, 92 L.Ed.2d 460.

{¶ 48} In *Johnson*, 520 U.S. at 468–469, 117 S.Ct. 1544, 137 L.Ed.2d 718, the court stated that it had found structural errors "only in a very limited class of cases," and it cited the following examples: the complete denial of counsel, *Gideon v. Wainwright* (1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; a biased trial judge, *Tumey v. Ohio* (1927), 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749; racial discrimination in the selection of a grand jury, *Vasquez v. Hillery* (1986), 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598; the denial of self-representation at trial, *McKaskle v. Wiggins* (1984), 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122; the denial of a public trial, *Waller v. Georgia* (1984), 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31; and a jury instruction that defined reasonable doubt as "grave uncertainty," *Sullivan v. Louisiana* (1993), 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182.

{¶ 49} Importantly, we recently explained in *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, that "[a]lthough all structural errors are by nature constitutional errors, not all constitutional errors are structural." Id. at ¶ 18, citing *Chapman v. California* (1967), 386 U.S. 18, 22–23, 87 S.Ct. 824, 17 L.Ed.2d 705. And as this court stated in *Stacy v. Van Coren* (1969), 18 Ohio St.2d 188, 47 O.O.2d 397, 248 N.E.2d 603, " '[n]o procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.' " Id. at 190, 47 O.O.2d 397, 248 N.E.2d 603, quoting *Yakus v. United States* (1944), 321 U.S. 414, 444, 64 S.Ct.

660, 88 L.Ed. 834. Thus, unless it is structural, even a constitutional error may be forfeited.

### A Defective Indictment Does Not Constitute Structural Error

{¶ 50} The majority correctly concludes that Colon's indictment was constitutionally defective because it omitted a necessary element of the charged offense. See *Almendarez–Torres v. United States* (1998), 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350; *State v. Childs* (2000), 88 Ohio St.3d 194, 724 N.E.2d 781; *State v. Wozniak* (1961), 172 Ohio St. 517, 521, 18 O.O.2d 58, 178 N.E.2d 800. I disagree, however, with its conclusion that this "defect clearly permeated the defendant's entire criminal proceeding" and thus constituted structural error.

{¶ 51} The majority asserts that the defect in Colon's indictment led to the following constitutional violations during his trial: (1) "the indictment * * * did not include all the elements of the offense charged," (2) "the defendant [was] unaware of the elements of the crime with which he was charged," (3) "the [trial] court failed to include the required mens rea for the offense" in the jury instructions, and (4) the prosecutor implied during closing argument that there is no mens rea element. The first and second of these, however, are not *additional* errors; rather, they merely repeat the reasons for concluding that Colon's indictment was constitutionally defective, an issue that is not disputed here. Moreover, the last two are confined to parts of the proceedings that occurred after the presentation of evidence. In short, the majority fails to explain how the defective indictment "infect[ed] the *entire* trial process" (emphasis added), *Brecht*, 507 U.S. at 630, 113 S.Ct. 1710, 123 L.Ed.2d 353, "necessarily render[ed] the] trial *fundamentally* unfair" (emphasis added), *Rose*, 478 U.S. at 577, 106 S.Ct. 3101, 92 L.Ed.2d 460, or otherwise prevented the trial from "reliably serv[ing] its function as a vehicle for determination of guilt or innocence," id. at 577–578, 106 S.Ct. 3101, 92 L.Ed.2d 460.

{¶ 52} In *Neder*, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35, the court reviewed an issue that is analogous to the one before us here. There, the trial court had given an instruction to the jury that omitted a necessary element of the offense, and the defendant asserted that this constituted structural error. The Supreme Court rejected this argument, however, stating, "Unlike such defects as the complete deprivation of counsel or trial before a biased judge, an instruction that omits an element of the offense does not *necessarily* render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence." (Emphasis sic.) Id. at 9, 119 S.Ct. 1827, 144 L.Ed.2d 35. This conclusion is instructive, because if it is not structural error when a jury returns a guilty verdict based on an instruction that omitted a necessary element of the offense, then neither should it be structural error when an indictment omits a necessary element.

38

{¶ 53} In my view, the instant matter does not fall into the "very limited class of cases" in which structural errors have been found, *Johnson*, 520 U.S. at 468, 117 S.Ct. 1544, 137 L.Ed.2d 718, nor does the defect in Colon's indictment resemble the errors that the United States Supreme Court has previously deemed to be structural in nature, such as the total denial of counsel in *Gideon*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, the biased trial judge in *Tumey*, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749, the grand jury selected on the basis of race in *Vasquez*, 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598, or the denial of self-representation at trial in *Wiggins*, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122.

{¶ 54} Moreover, the majority's holding in this case contradicts our decisions in numerous other cases in which we applied the plain-error doctrine when a defendant failed to object in the trial court to a defective indictment. For example, in *State v. Carter* (2000), 89 Ohio St.3d 593, 734 N.E.2d 345, the defendant challenged his indictment on the basis that it omitted an essential element for the offense of rape. We stated that "Carter never challenged the sufficiency of the indictment at any time before or during his trial. An appellate court need not consider an error that was not called to the attention of the trial court at a time when such error could have been avoided or corrected by the trial court." Id. at 598, 734 N.E.2d 345, citing *State v. Williams* (1977), 51 Ohio St.2d 112, 117, 5 O.O.3d 98, 364 N.E.2d 1364. "As a result," we concluded, "such error is waived absent plain error." Id., citing *State v. Moreland* (1990), 50 Ohio St.3d 58, 62, 552 N.E.2d 894. See also *State v. Biros* (1997), 78 Ohio St.3d 426, 678 N.E.2d 891; *State v. Joseph* (1995), 73 Ohio St.3d 450, 455, 653 N.E.2d 285; *State v. Mills* (1992), 62 Ohio St.3d 357, 363, 582 N.E.2d 972.

### Conclusion

{¶ 55} In *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 23, "[w]e emphasize[d] that both this court and the United States Supreme Court have cautioned against applying a structural-error analysis where, as here, the case would be otherwise governed by Crim.R. 52(B) because the defendant did not raise the error in the trial court. * * * This caution is born of sound policy. For to hold that an error is structural even when the defendant does not bring the error to the attention of the trial court would be to encourage defendants to remain silent at trial only later to raise the error on appeal where the conviction would be automatically reversed. We believe that our holdings should foster rather than thwart judicial economy by providing incentives (and not disincentives) for the defendant to raise all errors in the trial court—where, in many cases, such errors can be easily corrected." (Emphasis omitted.)

{¶ 56} In concluding that a structural error occurs when an indictment omits an element of the offense charged, the majority authorizes defendants to treat the defect as a trump card in that, upon the jury's returning a guilty verdict, it can be

played for the first time on appeal to secure a reversal. This should not be the law in Ohio, where defendants have not only the opportunity to correct a defective indictment pursuant to Crim.R. 7(D), but also the obligation to do so under Crim.R. 12(C) and R.C. 2941.29.

{¶ 57} For these reasons, it is my view that the defect in Colon's indictment is not structural in nature, and by failing to object at a time when it could have been corrected, Colon forfeited all but plain error related to that defect. Accordingly, I would affirm the judgment of the court of appeals and answer the certified question in the affirmative.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

---

LANZINGER, J., dissenting.

{¶ 58} Although I agree that in charging appellant with robbery under R.C. 2911.02(A)(2) the indictment failed to allege a mens rea element, I respectfully dissent from the majority opinion for three reasons: first, appellant waived this defect by failing to raise the issue before the trial court; second, a plain-error standard of review applies; and third, the omission from the indictment does not constitute a structural error.

### The Indictment

{¶ 59} The majority concludes that appellant's constitutional rights were violated in this case. Section 10, Article I of the Ohio Constitution provides that "no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury." Recently, we explained that "[t]he purposes of an indictment are to give an accused adequate notice of the charge, and enable an accused to protect himself or herself from any future prosecutions for the same incident." *State v. Buehner*, 110 Ohio St.3d 403, 2006-Ohio-4707, 853 N.E.2d 1162, ¶ 7.

{¶ 60} The form that the indictment is to take is explained in Crim.R. 7(B): "The statement may be made in ordinary and concise language without technical averments or allegations not essential to be proved. The statement *may be in the words of the applicable section of the statute, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged.*" (Emphasis added.)

{¶ 61} In *Buehner*, we held that an indictment that tracked the language of the charged offense but did not include each element of the predicate offense still provided the defendant with adequate notice of the charges against him. 110 Ohio St.3d 403, 2006-Ohio-4707, 853 N.E.2d 1162, syllabus. Here, appellant's

indictment tracked the statute. The indictment reads: "[I]n attempting or committing a theft offense, as defined in Section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense upon [the victim,] [the defendant did] inflict, attempt to inflict, or threaten to inflict physical harm on [the victim]."

{¶ 62} Adding the word "recklessly" to the indictment simply would have notified appellant that the state was required to prove beyond a reasonable doubt the default level of mens rea. R.C. 2901.21(B) states, "When the section [defining an offense] neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense." Moreover, R.C. 2901.22(E) provides, "When recklessness suffices to establish an element of an offense, then knowledge or purpose is also sufficient culpability for such element." Thus, in tracking the robbery statute, R.C. 2911.02(A)(2), the indictment did not mislead the defense, for any one of the three criminal mental states suffice to complete the element of inflicting, threatening to inflict, or attempting to inflict physical harm on another.

{¶ 63} In *State v. Wharf* (1999), 86 Ohio St.3d 375, 715 N.E.2d 172, we examined R.C. 2911.02(A)(1) and held that it is not necessary to prove a specific mental state regarding the deadly weapon element of robbery. With respect to establishing a violation of R.C. 2911.02(A)(2), we had never, before today, held that the state is required to prove that the defendant *recklessly* inflicted, attempted to inflict, or threatened to inflict physical harm. Thus, in this case the majority's conclusion is misplaced that " '[a]n indictment charging an offense solely in the language of a statute is insufficient *when a specific intent element has been judicially interpreted for that offense* ' " (emphasis added), majority opinion at ¶ 42, quoting *State v. O'Brien* (1987), 30 Ohio St.3d 122, 124, 30 OBR 436, 508 N.E.2d 144. In fact, an argument could have been made that the element of inflicting physical harm or threatening or attempting to inflict physical harm requires a mere proof of fact, which equates to strict liability.

{¶ 64} Nevertheless, in spite of arguments that might have been made, the state accepts the proposition that appellant's indictment is defective for lack of a mens rea element. Since the state does not dispute that there is a defect in the indictment, the issue remaining is whether appellant's failure to raise the issue in the trial court results in a waiver. I accept the state's view that our criminal rules and precedent require this court to hold that if a defendant fails to raise the issue at the trial level, a defendant may succeed on appeal only by establishing plain error.

## Waiver Applies Pursuant to Crim.R. 12(C) and (H)

{¶ 65} The court of appeals relied on Crim.R. 12(C) and (H), which state that defects in an indictment are waived if not raised before trial. The majority

determines that one of the Crim.R. 12(C) exceptions to the waiver rule exists in this case because appellant's indictment failed to charge an offense. In stating that "[a]n indictment that omits the mens rea element of recklessness fails to charge the offense of robbery," the majority first cites *State v. Wozniak* (1961), 172 Ohio St. 517, 18 O.O.2d 58, 178 N.E.2d 800, a case concerning an indictment that failed to allege intent, which was statutorily included as an element of the offense. In *Wozniak*, the indictment failed to charge an offense because it did not include language that followed the statute. The second case cited by the majority, *State v. Childs* (2000), 88 Ohio St.3d 194, 724 N.E.2d 781, concerns the omission from an indictment of an allegation that the defendant or an alleged co-conspirator of the defendant committed a substantial overt act in furtherance of a conspiracy, as required by R.C. 2923.01(B), the conspiracy statute. Appellant's case is hardly the same, for his indictment set forth the crime of robbery as defined in R.C. 2911.02(A)(2).

{¶ 66} We have consistently found that failure to timely object to a defect in an indictment constitutes a waiver of the issues involved. This is true even in capital cases. In *State v. Joseph* (1995), 73 Ohio St.3d 450, 653 N.E.2d 285, we held that the error in Joseph's capital indictment did not render the indictment invalid, since the record clearly demonstrated that the defendant "had sufficient notice that he was being tried as a principal offender in the commission of the aggravated murder of [the victim] while committing kidnapping." Id. at 455–456, 653 N.E.2d 285. Furthermore, the court held that Joseph's failure to timely object to the allegedly defective indictment constituted a waiver of the issue. Id. at 455, 653 N.E.2d 285.

{¶ 67} In *State v. Carter* (2000), 89 Ohio St.3d 593, 734 N.E.2d 345, the capital indictment omitted the words "engage in sexual conduct" that are used in the rape statute. However, Carter had not shown that he was prejudiced in the defense of his case by this error or that he would have proceeded differently had this error been corrected. See also *State v. Biros* (1997), 78 Ohio St.3d 426, 436, 678 N.E.2d 891; *State v. Mills* (1992), 62 Ohio St.3d 357, 363, 582 N.E.2d 972 ("Under Crim.R. 12(B) and 12(G) [now 12(H)], alleged defects in an indictment must be asserted before trial or they are waived").

{¶ 68} Furthermore, R.C. 2941.29 sets forth the time for objecting to defects in an indictment. It states: "No indictment or information shall be quashed, set aside, or dismissed, or motion to quash be sustained, or any motion for delay of sentence for the purpose of review be granted, nor shall any conviction be set aside or reversed on account of any defect in form or substance of the indictment or information, unless the objection to such indictment or information, specifically stating the defect claimed, is made prior to the commencement of the trial, or at such time thereafter as the court permits."

{¶ 69} A court of appeals need not consider an error that was not called to the attention of the trial court at a time when the error could have been corrected by the trial court. *State v. Williams* (1977), 51 Ohio St.2d 112, 117, 5 O.O.3d 98, 364 N.E.2d 1364, death sentence vacated on other grounds, *Williams v. Ohio* (1978), 438 U.S. 911, 98 S.Ct. 3137, 57 L.Ed.2d 1156. As a result, such an error is waived absent plain error. *State v. Moreland* (1990), 50 Ohio St.3d 58, 62, 552 N.E.2d 894. Plain error does not exist unless, but for the error, the outcome at trial clearly would have been different. Id. Thus, an appellate court's discretionary review of the alleged error must proceed, if at all, under the plain-error analysis of Crim.R. 52(B).

## Plain Error Applies

{¶ 70} The test for plain error is stringent. A party claiming plain error must show that (1) an error occurred, (2) the error was obvious, and (3) the error affected the outcome of the trial. See *State v. Barnes* (2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240; *United States v. Olano* (1993), 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508; Crim.R. 52(B).

{¶ 71} The burden of demonstrating plain error is on the party asserting it. See, e.g., *State v. Jester* (1987), 32 Ohio St.3d 147, 150, 512 N.E.2d 962 ("appellant cannot claim that the trial court's instruction was plain error, inasmuch as he cannot demonstrate that but for the error, the outcome of the trial would have been different"). Additionally, "[n]otice of plain error * * * is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph three of the syllabus.

{¶ 72} When a manifest miscarriage of justice occurs, it may be corrected through the trial court's granting of a new trial. The majority does not, however, mention the statute that prevents the granting of new trials and the setting aside of verdicts for certain errors. R.C. 2945.83 states:

{¶ 73} "No motion for a new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court because of:

{¶ 74} "(A) An inaccuracy or imperfection in the indictment, * * * provided that the charge is sufficient to fairly and reasonably inform the accused of the nature and cause of the accusation against him."

{¶ 75} Subsection (E) provides that a new trial should not be granted for "[a]ny other cause unless it appears affirmatively from the record that the accused was prejudiced thereby or was prevented from having a fair trial."

{¶ 76} Appellant has not shown that he was prejudiced in the defense of his case or that he would have proceeded differently had this error been corrected. Indeed, had the error been discovered, it would have been properly subject to

amendment. Crim.R. 7(D); *State v. O'Brien*, 30 Ohio St.3d 122, 30 OBR 436, 508 N.E.2d 144, paragraph two of the syllabus.

### The Error in the Indictment Is Not Structural

{¶ 77} Although appellant did not challenge his indictment until his appeal, the majority, after first concluding that appellant was never properly charged with a crime, decides that the missing element of recklessness made the indictment unconstitutional and caused structural error. I cannot agree.

{¶ 78} The majority cites *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 17, to support its statement that "[w]hen a defective indictment so permeates a defendant's trial that the trial court cannot reliably serve its function as a vehicle for determination of guilt or innocence, the defective indictment will be held to be structural error." Majority opinion at ¶ 44. But the cited paragraph does not mention defective indictments. In fact, the *Perry* court meant something entirely different. After repeating that structural error arises from "constitutional defects that ' "defy analysis by 'harmless error' standards" ' because they "affect[ ] the framework within which the trial proceeds, rather than simply [being] an error in the trial process itself," ' " id. at ¶ 17, quoting *State v. Fisher*, 99 Ohio St.3d 127, 2003-Ohio-2761, 789 N.E.2d 222, ¶ 9, quoting *Arizona v. Fulminante* (1991), 499 U.S. 279, 309 and 310, 111 S.Ct. 1246, 113 L.Ed.2d 302, the *Perry* court, in concluding the paragraph, stated, "We have thus recognized that if ' "the defendant had counsel and was tried by an impartial adjudicator, there is a strong presumption that any other constitutional errors that may have occurred are subject to harmless-error analysis," ' " id., quoting *State v. Hill* (2001), 92 Ohio St.3d 191, 197, 749 N.E.2d 274, quoting *Rose v. Clark* (1986), 478 U.S. 570, 579, 106 S.Ct. 3101, 92 L.Ed.2d 460. Thus, far from supporting it, *Perry* undercuts the majority's analysis.

{¶ 79} In *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, we analyzed structural error, remarking, "There also exist those classes of errors that need not be analyzed using the above 'limits' and are '[s]ubject to automatic reversal, "only in a very limited class of cases." ' " Id. at ¶ 18, quoting *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 18, quoting *Johnson v. United States* (1997), 520 U.S. 461, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718. Although all structural errors are by nature constitutional errors, not all constitutional errors are structural. *Chapman v. California* (1967), 386 U.S. 18, 22–23, 87 S.Ct. 824, 17 L.Ed.2d 705. As a result, some constitutional errors can be deemed nonprejudicial, so long as the error is harmless beyond a reasonable doubt. Id. at 24, 87 S.Ct. 824, 17 L.Ed.2d 705.

{¶ 80} What are the significant errors in this jury trial, according to the majority? First, appellant has been called to answer for a charge on which the grand jury did not indict him. Second, even though the indictment tracked the

language of the statute defining robbery, the indictment is constitutionally deficient because it did not inform appellant of the charge so that he could defend against it. Third, due process is implicated because appellant did not know that "the state was required to prove that he had been reckless in order to convict him of the offense of robbery."

{¶ 81} These conclusions are incorrect, for although the indictment failed to add the word "recklessly" to the element "inflict, attempt to inflict, or threaten to inflict physical harm on [the victim]," the grand jury considered the essential elements of robbery because the indictment tracks the language of the robbery statute. As we noted in *Harris v. State* (1932), 125 Ohio St. 257, 264, 181 N.E. 104, it is "*if one of the vital and material elements* identifying and characterizing the crime *has been omitted* from the indictment" that the indictment is insufficient to charge an offense and would later allow a jury to convict on "an indictment *essentially different* from that found by the grand jury." (Emphasis added.)

{¶ 82} This is also not a case where a defendant was indicted on one crime and convicted of another. Appellant does not show how he would have defended against the charge differently had he known that the state had to prove that he had *recklessly* inflicted, attempted to inflict, or threatened to inflict physical harm.

{¶ 83} Finally, the majority is not accurate in saying that the state was required to prove that appellant "had been reckless in order to convict him of the offense of robbery." Majority opinion at ¶ 30. The state was required to show for this element that he *recklessly inflicted, attempted to inflict, or threatened to inflict* physical harm on the victim. It was unnecessary for the state to indict or prove the higher mental states of purpose or knowledge. As the majority itself notes, recklessness, the "catchall culpable mental state," is sufficient. The indictment states that he "*did* * * * inflict, attempt to inflict, or threaten to inflict physical harm" (emphasis added), clearly informing appellant what the state would have had to prove to convict him of robbery.

{¶ 84} The jury heard evidence on every element of the offense of robbery. As the court of appeals noted, "[a] reasonable jury could find that, by throwing Mr. Woodie to the ground and struggling with him, appellant perversely disregarded a known risk that the septuagenarian victim would be injured." *State v. Colon,* 8th Dist. No. 87499, 2006-Ohio-5335, 2006 WL 2899957, ¶ 17.

{¶ 85} Moreover, in similar circumstances, the United States Supreme Court has refused to perform a structural-error analysis. In *Neder v. United States* (1999), 527 U.S. 1, 19–20, 119 S.Ct. 1827, 144 L.Ed.2d 35, the court held that a trial court's failure to submit an element of an offense for the jury's determination did not render the trial fundamentally unfair. And in *United States v.*

*Cotton* (2002), 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860, the court held that a defendant's failure to object to an indictment that omitted a material element resulted in a waiver, making the issue subject to a plain-error review on appeal.

{¶ 86} In my view, the circumstances of this case do not rise to the level of structural error or require an automatic reversal of the conviction.

Conclusion

{¶ 87} Because appellant failed to raise the defect in his indictment as an issue before the trial court, he waived the defect pursuant to Crim.R. 12. The issue of the defect in the indictment, having not been raised until the appeal, is subject to an analysis under plain error, which means that the court of appeals should have determined whether this error in the indictment should be noticed to correct a manifest injustice, and if so, whether appellant has met his burden to show prejudice in that but for the error the outcome would have been different. *Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 16–17.

{¶ 88} I would hold that in failing to raise a mens rea defect in his indictment during his proceedings in the trial court, appellant waived his objections pursuant to Crim.R. 12. Therefore, I would reverse the judgment and remand the case to the court of appeals.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

———

William Mason, Cuyahoga County Prosecuting Attorney, and Jon W. Oebker, Assistant Prosecuting Attorney, for appellee.

Robert L. Tobik, Cuyahoga County Public Defender, and Cullen Sweeney, Assistant Public Defender, for appellant.

Jason A. Macke, urging reversal for amicus curiae, Ohio Association of Criminal Defense Lawyers.