{¶ 63} I respectfully dissent.
 {¶ 64} Recklessness, defined in R.C. 2901.22(C), provides:
 {¶ 65} "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
 {¶ 66} There is no evidence that Mr. Butcher's .089 BAC level contributed to any impaired driving or reckless operation of his motor vehicle. It is very unfortunate that the injuries caused were so severe. However, the state simply failed to prove any *Page 14 
impairment or recklessness by Mr. Butcher in the operation of his vehicle, beyond the evidence of recklessness raised by the BAC level itself. The legislature has not outlawed drinking and driving; until it imposes a strict liability standard, the requisite mens rea must be proved, at the least by an evidentiary link between the consumption of alcohol and the accident allegedly resulting.
 {¶ 67} Furthermore, in view of the Supreme Court of Ohio's ruling inState v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624, I would find that charging Mr. Butcher under the wrong code section was a structural defect in the indictment. See, e.g., Id. at ¶ 27-38. An indictment omitting an essential element of an offense fails to charge the offense. Id. at ¶ 38. I respectfully submit it is impossible to fully understand whether Mr. Butcher was being charged with causing serious injury while operating a vehicle in violation of the drunk driving laws (aggravated vehicular assault), or with causing serious injury while operating a vehicle recklessly (vehicular assault). Moreover, the record in this case does not render this issue clearer. The evidence relied on by the state to convict seems to go to the former, rather than the latter. "When a defective indictment so permeates a defendant's trial such that the trial court cannot reliably serve its function as a vehicle for determination of guilt or innocence, the defective indictment will be held to be structural error." Colon at ¶ 44, citing State v. Perry,101 Ohio St.3d 118, 2004-Ohio-297, at ¶ 17.
 {¶ 68} I would reverse. *Page 1