NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0048n.06

No. 08-3795

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jan 26, 2010**
LEONARD GREEN, Clerk

TERRENCE WILSON,                                )
                                                )
    Petitioner-Appellant,                       )      ON APPEAL FROM THE
                                                )      UNITED STATES DISTRICT
    v.                                          )      COURT FOR THE SOUTHERN
                                                )      DISTRICT OF OHIO
TIMOTHY BRUNSMAN, Warden,                        )
                                                )
    Respondent-Appellee.                        )
                                                )

BEFORE: KENNEDY, COLE, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Petitioner Terrence Wilson, an Ohio prisoner proceeding pro se, appeals the district court's

denial of his petition for a writ of habeas corpus on the grounds of procedural default. The district

court granted a certificate of appealability ("COA") on Wilson's seventh claim, specifically, whether

the trial court's factual findings, which permitted the imposition of consecutive sentences under Ohio

Rev. Code § 2929.14 (2004), violated *Blakely v. Washington*, 542 U.S. 296 (2004). After careful

consideration of the record, we affirm the district court's denial of Wilson's 28 U.S.C. § 2254

petition.

I.

In January 2005, an Ohio jury convicted Wilson of eleven counts of forcible rape of a child

less than thirteen years of age in violation of Ohio Rev. Code § 2907.02(A)(1)(b) (Counts I-XI),

twelve counts of forcible rape in violation of Ohio Rev. Code § 2907.02(A)(2) (Counts XII-XXIII), and one count of possession of crack cocaine equaling or exceeding one gram but less than five grams, in violation of Ohio Rev. Code § 2925.11(A) (Count XXIV). Wilson's victim was his long-term girlfriend's daughter, P.M., whom he raised from infancy. Wilson lived with P.M. and her mother for sixteen years, acted as the "father of the family[,]" and was the biological father of three of P.M.'s younger half-siblings.

The state trial court sentenced Wilson to life imprisonment for the rapes charged in Counts I-XI, three years of imprisonment for the rapes charged in Counts XII-XXI, ten years of imprisonment for the rapes charged in Counts XXII and XXIII, and six months of imprisonment for his possession of crack cocaine charged in Count XXIV. The trial court further ordered Wilson to serve Counts XXII and XXIII consecutive to each other and to his other sentences, resulting in an aggregate sentence of life imprisonment plus twenty years. At the sentencing hearing, the trial court stated its reasons for imposing consecutive sentences:

> Further, sir, I am going to find that on Counts XXII and XXIII, sir, that you committed the worst form of the offense, and that you pose the greatest likelihood of [] committing future crime . . . this abuse continued for a period of between six and seven years. The last two offenses, sir, for which the Jury found you Guilty, there was evidence that [] those occasions [] were penile rape sir. And . . . [because] she was in a position of being your daughter, [] that you committed the worst form of those offenses and the maximum sentence is appropriate.
>
> * * *
>
> Sir, as I said, those consecutive sentences are necessary because . . . the harm caused by you, as a result thereof . . . was so great and so unusual that no single prison term could [] adequately reflect the seriousness of your conduct. I base that, sir, on the fact that this abuse occurred for between six and seven years, and was very

consistent; that the victim was, as I said, in a position of your daughter; and that – because it occurred for such a lengthy period of time, that [there] . . . [is] a need, sir, to protect the public from future crime by you.

And, as I said, because this victim was in the position of your child, that that makes the offense much more serious, and no single prison term would reflect the seriousness of that offense.

The Ohio Court of Appeals affirmed Wilson's convictions and sentence on direct appeal. *State v. Wilson*, No. 20910, 2005 WL 3446275, at *1 (Ohio Ct. App. Dec. 16, 2005) (unpublished). Specifically, Wilson argued that his sentence violated *Blakely* because § 2929.14 created a presumption of concurrent terms of imprisonment and authorized impermissible judicial fact-finding to overcome that presumption. Ohio Rev. Code §§ 2929.14(B), (E)(4) (2004) (abrogated by *State v. Foster*, 845 N.E.2d 470 (Ohio 2006).[1] The appellate court ruled that Wilson forfeited this argument by failing to raise it with the trial court after it pronounced his sentence. *Id.* at *9. Wilson

---

[1] Consistent with Ohio's sentencing laws at the time, the trial court was required to "impose the shortest prison term authorized for" violations of § 2907.02 unless "[t]he court f[ound] on the record that the shortest prison term w[ould] demean the seriousness of [Wilson's] conduct or w[ould] not adequately protect the public from future crime by [him]." Ohio Rev. Code § 2929.14(B) (2004). In addition, Ohio Rev. Code § 2929.14(E)(4)(b)-(c) (2004) allowed the imposition of consecutive sentences if the trial court found that the "harm caused . . . was so great or unusual that no single prison term . . . adequately reflects the seriousness of [Wilson's] conduct" and that "consecutive sentences [were] necessary to protect the public from future crime by [him]." In *State v. Foster*, 845 N.E.2d 470 (Ohio 2006), the Supreme Court of Ohio held that several provisions of § 2929.14 were unconstitutional in light of *Blakely* because the statute created a presumption of minimum or concurrent terms of imprisonment and required impermissible judicial fact-finding to overcome that presumption. *Foster*, 845 N.E.2d at 497 (excising Ohio Rev. Code §§ 2929.14(B), 2929.19(B)(2), 2929.41, 2929.14(C), 2929.14(E)(4), 2953.08(G), and 2929.14(D)(2)(b) in light of *Blakely*). In *Blakely*, the Supreme Court held that under the Sixth Amendment it is "within the jury's province to determine any fact (other than the existence of a prior conviction) that increases the maximum punishment authorized for a particular offense." *Oregon v. Ice*, 129 S. Ct. 711, 714 (2009) (citing *Blakely*, 542 U.S. 296 (2004)).

did not timely appeal this decision to the Supreme Court of Ohio, which later denied his motion for leave to file a delayed appeal. *State v. Wilson*, 855 N.E.2d 495 (Ohio 2006) (table decision).

In May 2006, Wilson filed a petition for post-conviction relief with the Montgomery County Court of Common Pleas. In it, Wilson argued that he was entitled to a resentencing under *State v. Foster*, 845 N.E.2d 470 (Ohio 2006), a Supreme Court of Ohio decision that excised certain provisions of § 2929.14 as unconstitutional under *Blakely. Foster*, 845 N.E.2d at 490-94, 497; *see supra* n.1. The trial court denied Wilson's petition as untimely because he filed it more than 180 days after the date that his trial transcript was docketed in his direct appeal. *See* Ohio Rev. Code § 2953.21(A)(2). Nonetheless, in its decision, the trial court noted that *Foster* was not retroactively available to cases on collateral review.[2]

The Ohio Court of Appeals affirmed the denial of Wilson's petition for post-conviction relief. *State v. Wilson*, No. 21741, 2007 WL 2568226, at *1 (Ohio Ct. App. Aug. 7, 2007) (unpublished). In its decision, the court agreed that Wilson's petition was untimely and that he failed to satisfy the statutory requirements to bring an untimely petition pursuant to Ohio Rev. Code § 2953.23(A). In addition, the appellate court stated the following:

> We have consistently held that *Foster* does not apply retroactively to those cases that were neither on direct appeal nor still pending in the trial court when *Foster* was decided. Because Wilson's case was neither on direct appeal nor pending in the trial

---

[2]Wilson cannot rely on *Foster* as a basis for post-conviction relief because his right to file a direct appeal with the Supreme Court of Ohio expired on January 30, 2006, and the *Foster* decision was decided on February 27, 2006. Specifically, the Ohio Court of Appeals issued its final decision on December 16, 2005. Under Ohio S. Ct. Prac. R. 2, Wilson was required to file a notice of appeal within forty-five days of that decision. *See State v. Justice,* 757 N.E.2d 380 (Ohio 2001) (table decision).

court when *Foster* was decided, *Foster*'s holding is inapplicable to his case. Consequently, Wilson is not entitled to resentencing under *Foster*.

*Wilson*, 2007 WL 2568226, at *3.

In April 2007, Wilson petitioned the Southern District of Ohio for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting nine grounds for relief.[3] The district court denied Wilson's petition, ruling that he had procedurally defaulted his federal constitutional claims by failing to file a timely direct appeal with the Supreme Court of Ohio. *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (holding that petitioner's failure to file a timely appeal with the Supreme Court of Ohio and denial of a motion for leave to file a delayed appeal resulted in a procedural default of federal constitutional claims).

Wilson moved the district court for a COA under 28 U.S.C. § 2253(c) regarding his seventh claim, to wit, whether the trial court violated his Sixth Amendment right to a jury trial under *Blakely* by engaging in impermissible judicial fact-finding to overcome § 2929.14's presumption in favor of concurrent sentences. Wilson argued that the procedural default bar was inapplicable to his seventh claim because the state trial court lacked subject-matter jurisdiction to impose his sentence under *State v. Cimpritz*, 110 N.E.2d 416 (Ohio 1953) and *State v. Colon*, 885 N.E.2d 917 (Ohio 2008). According to Wilson, the holdings in *Cimpritz* and *Colon*, when viewed together, stand for the proposition that a *Blakely* error results in a defective indictment that strips the trial court of its subject-matter jurisdiction and, therefore, a *Blakely* error may be asserted for the first time on direct appeal or in a collateral proceeding. *See Cimpritz*, 110 N.E.2d at 416; *Colon*, 885 N.E.2d at 926.

---

[3]The parties consented to the petition's disposition before a United States Magistrate Judge. *See* 28 U.S.C. § 636(c).

The district court granted Wilson's COA, ruling that "reasonable jurists" could "debat[e]" whether the holdings in *Colon* and *Cimpritz* prohibited forfeiture of Wilson's alleged *Blakely* error, despite his failure to raise it with the sentencing court. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Respondent moved the district court to reconsider its grant of the COA. The district court denied the motion, despite its "continu[ed] [] belie[f] that the asserted *Blakely* error . . . was procedurally defaulted in the Ohio courts . . . ."

This appeal followed.

## II.

In the usual course, we would first address Wilson's challenge to the district court's procedural-default ruling. In the present case, however, the substance of Wilson's *Blakely* claim presents a more straightforward basis for our decision, counseling us to consider the merits of his claim at the outset. *See Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) (allowing federal courts to address the merits of a habeas claim if it is "easily resolvable against the habeas petitioner, whereas the procedural-bar issue involve[s] complicated issues of state law.").

It is well-settled law that 28 U.S.C. § 2254 confers a limited role upon federal courts: to ensure that a person does not remain in state custody because of violations of the United States Constitution or its laws and treaties. *See Barefoot v. Estelle*, 463 U.S. 880, 887-88 (1983). Unless the defendant's custodial status exists by reason of a violation of the federal constitution or laws or treaties, federal courts must yield to the state judicial process. *Id.* Thus, before granting a writ of habeas corpus to a petitioner whose state custody resulted from a criminal conviction, we must first determine whether the petitioner's asserted claim violates his *federal* rights. *Id.* In other words, we

may only grant a § 2254 petition for a violation of federal law – not a state court's contrary interpretation of federal law or an alleged violation of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("reemphasiz[ing] that . . . . a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

In the present case, the district court granted a limited COA based upon Wilson's seventh ground for relief:

> **Ground Seven**: The trial court erred in imposing a consecutive sentence through findings not made by a jury beyond a reasonable doubt.

> **Supporting Facts**: Appellant had the right to have a jury determine the sentence enhancement factors beyond the statutory maximum.

Thus, our review is limited to whether the state trial court's judicial fact-finding under Ohio Rev. Code § 2929.14, which permitted the imposition of consecutive rather than concurrent sentences, violated *Blakely*. 28 U.S.C. § 2253(c)(3); *Seymour v. Walker*, 224 F.3d 542, 561 (6th Cir. 2000) (appellate review is limited to issues certified in COA). Wilson's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act, codified at 28 U.S.C. § 2254(d), which provides that his application for a writ of habeas corpus:

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]

28 U.S.C. § 2254(d).

The Supreme Court has held that "clearly established law as determined by [the Supreme] Court 'refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision.'" *Yarborough v. Alvarado*, 541 U.S. 652, 660-61 (2004)

(quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).  Thus, our inquiry under § 2254(d) looks to "'the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision.'"  *Id*. (quoting *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003)).

At the time of the state court decision in this case, the principle that the Sixth Amendment requires jury determination of all facts necessary for the imposition of concurrent sentences was not clearly established in federal law.  To the contrary, as the Supreme Court has since held in *Oregon v. Ice*, 129 S. Ct. 711 (2009), the Sixth Amendment does not require juries to perform this function because a consecutive-sentencing decision is "a sentencing function in which the jury traditionally played no part[.]"  *Id.* at 714.  Thus, the trial court's sentencing of Wilson pursuant to Ohio Rev. Code § 2929.14(E)(4) was not contrary to, nor an unreasonable application of, clearly established federal law.

Furthermore, while *State v. Foster*, 845 N.E.2d 470 (Ohio 2006), severed certain portions of Ohio Rev. Code § 2929.14 as violative of the Sixth Amendment under *Blakely* – including subpart (E)(4) – that decision was rooted in the Supreme Court of Ohio's interpretation of *Blakely*.  *See Foster*, 845 N.E.2d at 497.  Thus, we must reject Wilson's argument that he is entitled to federal habeas relief under *Foster*.  It is undoubtably the province of the Supreme Court to "say what the law is," and that extends to its interpretation of the Constitution.  *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803).  Moreover, the *Ice* Court expressly acknowledged the *Foster* decision in footnote seven of its opinion, noting that "[s]tate high courts [are] divided over whether the rule of *Apprendi* governs consecutive sentencing decisions."  129 S. Ct. at 716, n.7.  The Supreme Court disagreed

with *Foster,* and, for the purpose of our limited review under 28 U.S.C. § 2253(c)(3) and 28 U.S.C. § 2254(d), *Ice* controls *Foster*.[4]

Our station is to assess Wilson's seventh ground for relief to ensure that he does not remain in state custody because of violations of the United States Constitution. *See Barefoot*, 463 U.S. at 887-88. Unless Wilson's custodial status exists by reason of a violation of the federal constitution, laws, or treaties, we must yield to the state judicial process. *Id.*

III.

For these reasons, we affirm the district court's judgment denying Wilson's petition for a writ of habeas corpus.

---

[4]Intermediate Ohio appellate courts have not applied *Ice*'s holding to the *Foster* decision because the Supreme Court of Ohio has not yet addressed the issue. *See State v. Nieves*, No. 08CA009500, 2009 WL 4547627, at *12 (Ohio Ct. App. Dec. 7, 2009) (holding that post-*Ice,* "[t]he Supreme Court of Ohio has not reconsidered *Foster* [] and the case remains binding on this court."); *State v. Mickens*, No. 08AP-743, 2009 WL 1526918, at *5 (Ohio Ct. App. June 2, 2009); *State v. Russell*, Nos. 09AP-428, 2009 WL 4650942, at *3 (Ohio Ct. App. Dec. 8, 2009) (same).