The STATE of Ohio, Appellee,

v.

DOWNOUR, Appellant.

[Cite as *State v. Downour*, 182 Ohio App.3d 12, 2009-Ohio-1812.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–08–1029.

Decided April 17, 2009.

Tim A. Dugan, for appellee.

Jeff Goldstein and Beau Harvey, for appellant.

HANDWORK, Judge.

{¶ 1} This is an appeal from a judgment of the Oregon Municipal Court wherein a jury found appellant, James R. Downour, guilty of operating a motor vehicle while under the influence of alcohol, a violation of Oregon Municipal Code 333.01(A)(1)(a). The court sentenced appellant to 180 days' incarceration in the Corrections Center of Northwest Ohio, with all but 20 of those days suspended upon the completion of certain conditions, imposed nine years of community control, ordered Downour to pay a $1,000 fine, and suspended his motor-vehicle driver's license for one year. Appellant's sentence was stayed pending this appeal. Appellant asserts the following assignment of error:

{¶ 2} "The trial court committed error when it instructed an alternate juror to retire with the empanelled jurors while they considered the guilt phase of the trial in violation of Ohio Revised Code 2313.37(C) and Criminal Rule 24(G)(1)."

{¶ 3} These are the facts relevant to a disposition of appellant's assignment of error. After hearing all of the evidence in this cause, the trial court provided counsel with copies of proposed jury instructions. Appellant's counsel objected to the proposed instruction allowing the alternate juror to be present in the jury room during deliberations as violative of his constitutional right to a trial by jury. The court overruled this objection and subsequently provided the jury with the following instruction:

{¶ 4} "An alternate juror was selected to serve in the event of a misfortune to a member of the panel. As you will retire to the jury room, with eight members of the jury and the alternate for deliberation, the alternate is to not—is not to participate in the deliberation process.

{¶ 5} "Once the jury deliberates and renders a verdict, the alternate will be excused from the jury—from the role as an alternate juror. In the event that a member of the jury becomes ill, or is otherwise unable to complete the deliberation process, you will step into the juror's seat to deliberate in their absence. If the alternate juror is required, then a deliberation shall begin anew from the beginning."

{¶ 6} After the jury returned its verdict of guilty, appellant again made the same objection and moved for a new trial based upon the fact that the alternate juror had been present during jury deliberations. The judge denied the motion, but told trial counsel that he could file a motion for a new trial. Thereafter, appellant filed a timely written motion for a new trial, arguing that allowing the alternate juror to be present during deliberations violated Crim.R. 24(G)(1) and R.C. 2945.29 [1]. The court below denied, without comment, the motion for a new trial.

{¶ 7} In his sole assignment of error, appellant contends that his constitutional right to a jury trial was substantially prejudiced when the municipal court allowed an alternate juror to be present during the jury's deliberations in violation of R.C. 2313.37(C) and Crim.R. 24(G)(1). Because the trial court record clearly establishes that appellant did object to the court's jury instruction allowing the alternate juror to be present during the jury's deliberations, we shall discuss that alleged error within that context rather than as the denial of a motion for a new trial.

{¶ 8} R.C. 2313.37(C) provides that an alternate juror "shall be discharged upon the final submission of the case to the jury." Crim.R. 24(G)(1), formerly denoted as Crim.R. 24(F), states that in criminal cases, "an alternate juror who does not replace a regular juror shall be discharged after the jury retires to consider its verdict."

{¶ 9} In *State v. Murphy* (2001), 91 Ohio St.3d 516, 747 N.E.2d 765, the Ohio Supreme Court was faced with the question of whether allowing alternate jurors to be present during the jury deliberations in both the guilt phase and sentencing phase of the trial was error under former Crim.R. 24(F). Id. at 531, 747 N.E.2d 765. The court first noted that it is generally considered error to permit alternates to sit in on jury deliberations. Id. Nevertheless, Ohio's high court further observed that the defendant failed to object to the presence of the alternate jurors during deliberations. Id. at 532, 747 N.E.2d 765. Finding that even a constitutional error can be waived, the court held the alleged error could be reviewed only under a plain-error standard pursuant to Crim.R. 52(B). Id. In applying that standard, the court noted that the party complaining "has the burden of showing that the alternates disobeyed the court's instructions by participating in the deliberations, either verbally or through their body language, or that their presence chilled the deliberative process." Id. at 533, 747 N.E.2d 765, citing *United States v. Olano* (1993), 507 U.S. 725, 739–741, 113 S.Ct. 1770, 123 L.Ed.2d 508. After examining the record before it, the court found that the

---

1. This statute governs the procedure to be followed when a juror is unable to perform his or her duties and is, therefore, not relevant to the case before us.

defendant had failed to offer any evidence that the presence of alternate jurors during deliberations affected the outcome of his trial. Therefore, he failed to demonstrate plain error under Crim.R. 52(B). Id. at 533–534, 747 N.E.2d 765.

{¶ 10} The Ohio Supreme Court revisited this same issue in *State v. Jackson* (2001), 92 Ohio St.3d 436, 751 N.E.2d 946. In that case, the defendant again failed to object to the presence of alternate jurors during jury deliberations. Id. at 438, 751 N.E.2d 946. In addition, the trial judge warned the alternate jurors that they were not permitted to participate in those deliberations. Id. at 439, 751 N.E.2d 946. Unlike the court in *Murphy,* however, in *Jackson,* the court expressly determined that "[t]he trial court clearly erred in failing to abide by the mandates of Crim.R. 24(F) [now Crim.R. (G)(1) ] in allowing the alternate jurors to remain present during deliberations." Id. The Ohio Supreme Court then engaged in a plain-error analysis and held that the defendant had failed to show that he was prejudiced by the alternate jurors' presence. Id. at 440, 751 N.E.2d 946.

{¶ 11} *State v. Gross,* 97 Ohio St.3d 121, 2002-Ohio-5524, 776 N.E.2d 1061, involved a circumstance where the defendant did object when the trial court allowed the alternate jurors to be present during deliberations on sentencing. Id. at ¶ 122. The lower court did, however, instruct the alternate jurors to listen and follow the deliberations, but not to participate in the deliberations in any way, either through words or gestures. Id. at ¶ 123–124. The court also told the alternate jurors that they were not to have any conversations. Id. at ¶ 124. Nevertheless, during deliberations, the alternate jurors played a game of cards and "thr[ew] pens and thing[s,]" and one alternate juror commented that he thought that the deliberating jurors were being "pressured in making decisions." Id. at ¶ 125–129.

{¶ 12} Upon learning of the alternate jurors' behavior, the trial court swore in the bailiffs and took testimony concerning that behavior. Id. at ¶ 129. Defense counsel moved for a mistrial, which was denied by the court. Id. The trial judge then decided to bring the jury, including the alternate jurors, back into the courtroom in order to repeat his jury instructions. Id. Before the court could follow through on this decision, however, it received a note from the jury foreman. Id. The note stated that the two jurors who were accused of being pressured did not, in fact, feel that way and that the jury had reached a decision. Id. at ¶ 130–131. Without reinstructing the jury, the court brought the jury and the alternates back into the courtroom and accepted the jury's judgment. Id. at ¶ 132.

{¶ 13} On appeal, the Ohio Supreme Court reiterated that sending alternate jurors to the jury room during deliberations was error. Id. at ¶ 133. The court then distinguished *Gross* from *Murphy* and *Jackson* because the defendant's trial

counsel did object to permitting the alternate jurors to be present during deliberations. Id. at ¶ 134. Because there was an objection, *Gross* held that there was presumed prejudice. Id. Consequently, the majority concluded that "reversible error occurs where, over objection, an alternate juror *participates* in jury deliberations resulting in an outcome adverse to a defendant and either (1) the state has not shown the error to be harmless, or (2) the trial court has not cured the error." (Emphasis added.) Id. at ¶ 137.

{¶ 14} In the present case, we are required to find, pursuant to *Gross*, that the municipal court committed error in allowing the alternate juror to be present during deliberations. Nonetheless, contrary to the situation in *Gross*, there is not one scintilla of evidence in the record showing that the alternate juror actively *participated*, in any way, during those deliberations. Moreover, the trial court gave the appropriate instructions in this situation. Therefore, in this cause, granting the alternate juror the right to be present in the jury room during deliberations is harmless error. Accord *State v. Neal*, 2d Dist. Nos. 2000–CA–16 and 2000–CA–18, 2002-Ohio-6786, 2002 WL 31761564, ¶ 80. For these reasons, appellant's sole assignment of error is found not well taken.[2]

{¶ 15} The judgment of the Oregon Municipal Court is affirmed.

Judgment affirmed.

PIETRYKOWSKI and SINGER, JJ., concur.

---

2. On appeal, appellee asserted for the first time that permitting an alternate juror to be present during deliberations is not a constitutional structural error and is, therefore, subject to the harmless-error rule. In his reply, appellant claims that the same is a constitutional structural error requiring automatic reversal. We disagree. *Gross* could have, but did not, address this issue for the first time on appeal. See *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, syllabus (a constitutional structural error is not waived by a failure to raise it in the trial court). Thus, *Gross*, albeit sub silentio, appears to hold that the same is not a structural error. See also *State v. Neal*, 2002-Ohio-6786, 2002 WL 31761564, at ¶ 79 (holding that placing an alternate juror with the jury during deliberations is not a constitutional structural error).