THE STATE OF OHIO, APPELLEE, *v.* DOWNOUR, APPELLANT.

[Cite as *State v. Downour,* 126 Ohio St.3d 508, 2010-Ohio-4503.]

*Criminal law — Jury deliberation — The state has the burden to show that the presence of an alternate juror in the room during deliberation has not prejudiced a defendant.*

(No. 2009-0886 — Submitted February 16, 2010 — Decided September 29, 2010.)

APPEAL from the Court of Appeals for Lucas County, No. L-08-1029, 182 Ohio App.3d 12, 2009-Ohio-1812.

_____

SYLLABUS OF THE COURT

The state has the burden to show that the presence of an alternate juror in the room during jury deliberations has not prejudiced a defendant. (*State v. Gross*, 97 Ohio St.3d 121, 2002-Ohio-5524, 776 N.E.2d 1061, clarified.)

_____

PFEIFER, J.

**Factual and Procedural Background**

{¶ 1} James R. Downour was charged with operating a motor vehicle while under the influence of alcohol, in violation of Oregon Municipal Code 333.01(a)(1)(A). At the conclusion of a jury trial, Downour objected to the proposed jury instructions because the instructions permitted an alternate juror to be present in the jury room during deliberations. The judge overruled the objection.

{¶ 2} The jurors deliberated in the presence of the alternate juror and found Downour guilty as charged. Downour then verbally renewed his objection

to the presence of the alternate juror during deliberations and moved for a mistrial. The court denied the motion. Downour later filed a written motion for a new trial, arguing that allowing the alternate juror to be present during deliberations violated Crim.R. 24(G)(1). The court denied the motion. The court sentenced Downour to 180 days of incarceration, suspending all but 20 days pending completion of certain conditions.

{¶ 3} Downour appealed, arguing that the trial court had committed error when it instructed the alternate juror to retire with the jury while it considered the guilt phase of the trial, in violation of R.C. 2313.37(C) and Crim.R. 24(G)(1). The court of appeals concluded that although the trial court had erred in allowing the alternate juror to be present during jury deliberations, the error was harmless, and the court affirmed the judgment of the trial court. *State v. Downour*, 182 Ohio App.3d 12, 2009-Ohio-1812, 911 N.E.2d 336.

{¶ 4} We accepted Downour's discretionary appeal.

**Analysis**

{¶ 5} R.C. 2313.37(C) states that alternate jurors, "except as provided in this section[,] shall be discharged upon the final submission of the case to the jury." The exceptions of R.C. 2313.37(D) are not applicable to this case.

{¶ 6} Crim.R. 24(G)(1) states that in noncapital cases, "[t]he court may retain alternate jurors after the jury retires to deliberate. The court must ensure that a retained alternate does not discuss the case with anyone until that alternate replaces a juror or is discharged. If an alternate replaces a juror after deliberations have begun, the court must instruct the jury to begin its deliberations anew."

{¶ 7} This court has consistently stated that allowing alternate jurors to be present during jury deliberations is error. In *State v. Murphy* (2001), 91 Ohio St.3d 516, 531, 747 N.E.2d 765, we stated that "[i]t is generally regarded as erroneous to permit alternates to sit in on jury deliberations." In *State v. Jackson*

(2001), 92 Ohio St.3d 436, 439, 751 N.E.2d 946, we stated that "[t]he trial court clearly erred * * * in allowing the alternate jurors to remain present during deliberations." In *Murphy* and *Jackson*, the defendants did not object to the presence of the alternate juror, and this court analyzed the error under a plain-error standard that does not presume prejudice. *State v. Gross*, 97 Ohio St.3d 121, 2002-Ohio-5524, 776 N.E.2d 1061, ¶ 133.

{¶ 8} In *Gross*, the defendant objected to the presence of the alternate jurors during jury deliberations. Id. at ¶ 122-134. We stated that because the defendant "objected to the presence of the alternates in jury deliberations, the burden shifted to the state to demonstrate an absence of prejudice." Id. at ¶ 136. We also stated that "reversible error occurs where, over objection, an alternate juror participates in jury deliberations resulting in an outcome adverse to a defendant and either (1) the state has not shown the error to be harmless, or (2) the trial court has not cured the error." Id. at ¶ 137.

{¶ 9} Because the first sentence in *Gross* refers to an alternate juror's "presence" during jury deliberations and the second sentence refers to an alternate juror's "participation," we now clarify that it is the *presence* of the alternate jurors that shifts the burden to the state to show that any error is harmless. As we discussed in *Gross*, "the United States Supreme Court has explained that '[i]n theory, the presence of alternate jurors during jury deliberations might prejudice a defendant in two different ways: either because the alternates actually participated in the deliberations, verbally or through "body language"; or because the alternates' presence exerted a "chilling" effect on the regular jurors.' " Id. at ¶ 135, quoting *United States v. Olano* (1993), 507 U.S. 725, 739, 113 S.Ct. 1770, 123 L.Ed.2d 508. See *State v. Bindyke* (1975), 288 N.C. 608, 627-628, 220 S.E.2d 521 ("any time an alternate is in the jury room during deliberations he participates by his presence and, whether he says little or nothing, his presence

will void the trial"); *Commonwealth v. Smith* (1988), 403 Mass. 489, 494, 531 N.E.2d 556 (alternate jurors "really are not jurors. When they attend jury deliberations they do so as mere strangers").

{¶ 10} We conclude that the trial court erred in allowing an alternate juror to be present during jury deliberations. We also conclude that because Downour "objected to the presence of the alternates in jury deliberations, the burden shifted to the state to demonstrate an absence of prejudice." *Gross*, 97 Ohio St.3d 121, 2002-Ohio-5524, 776 N.E.2d 1061, at ¶ 136. See *Bindyke,* 288 N.C. at 623, 220 S.E.2d 521 ("The rule formulated by the overwhelming majority of the decided cases is that the presence of an alternate, either during the entire period of deliberation preceding the verdict, *or* his presence at any time during the *deliberations* of the twelve regular jurors, is a fundamental irregularity of constitutional proportions which requires a mistrial or vitiates the verdict, if rendered. And this is the result notwithstanding the defendant's counsel consented, or failed to object, to the presence of the alternate"). Nothing in the record indicates that the state established the absence of prejudice. We conclude, therefore, that the court of appeals erred when it affirmed the decision of the trial court.

**Conclusion**

{¶ 11} Because the state has the burden to show that the presence of an alternate juror in the room during jury deliberations has not prejudiced a defendant, we reverse the judgment of the court of appeals, and we remand for a new trial.

Judgment reversed

and cause remanded.

LUNDBERG STRATTON, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

O'DONNELL, J., concurs in judgment only.

BROWN, C.J., not participating.

_____

Tim A. Dugan, for appellee.

Dan Nathan and Jeff Goldstein, for appellant.

Timothy Young, Ohio Public Defender, and Claire R. Cahoon, Assistant Public Defender, urging reversal for amicus curiae, Ohio Public Defender.

_____